MOSES ERSKINE *vs.* FRANK H. SAVAGE.

Lincoln.    Opinion December 19, 1901.

*Deed.  License.  Trees.  Trover.*

</div>

A grantor in a deed reserved "all hard and soft wood growth, with right of entry upon the premises at any and all times for a period of five years from the date of the deed with men and teams for the purpose of cutting and removing the same."

Within the five years, the plaintiff, who was the purchaser of the rights reserved by the grantor, cut all of the wood reserved, but some of it had not been removed before the end of the period.

*Held ;* that the wood remained a part of the real estate until severed from the soil ; that as soon as it was severed, within the period limited, it became personal property, that the title then vested in the plaintiff, and that the plaintiff did not lose his title to the wood cut, but not removed, by failure to remove it within the five year period.

The defendant who was owner of the soil, forbade the plaintiff's removing the wood from the land. *Held ;* that under the circumstances, this was such an exercise of dominion over the wood as warranted the presiding

justice below, before whom the case was tried without a jury, in finding a conversion by the defendant.

Exceptions by defendant.　Overruled.

Trover for wood and timber.

The facts appear in the opinion.

*R. S. Partridge,* for plaintiff.

*John Scott,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, SAVAGE, FOGLER, POWERS, JJ.

SAVAGE, J.　A man sold and conveyed a tract of land to the defendant.　The deed contained the following reservation : "Reserving all hard and soft wood growth thereon; with right of entry upon the premises at any and all times for a period of five years from the date hereof with men and teams for the purpose of cutting and removing the same."　The grantor afterwards sold to the plaintiff by "bill of sale," all rights reserved to himself by the foregoing reservation. Within the five years, the plaintiff cut all the wood reserved, but some of it had not been removed before the end of the period. Thereupon the defendant forbade the removal of the remaining wood, and for this alleged conversion, trover has been brought.

It is settled law in this state that a sale, by parol, of growing wood, with the right to enter upon the land to cut and remove the trees, within a specified time, is an executory contract merely, for the sale of the wood after it has been severed from the soil, with a license to enter upon the land for the purpose of cutting and removing it; that the rights of the parties rest wholly in contract; that the wood remains a part of the real estate until severed; that until it is severed, the title does not pass to the vendee; and that so soon as severed, within the period limited, it becomes personal property, and the title then vests in the vendee.　It is also settled that if it is not severed until after the expiration of the period, title does not pass to the vendee; but in such case, if he enters to sever and remove it, he becomes a trespasser.　*Pease* v. *Gibson,* 6 Maine, 81; *Howard* v. *Lincoln,* 13 Maine, 122 ; *Moody* v. *Whitney,* 34 Maine, 563; *Whid-*

*den* v. *Seelye,* 40 Maine, 247, 63 Am. Dec. 661 ; *Webber* v. *Proctor* 89 Maine, 404; *Donworth* v. *Sawyer,* 94 Maine, 242; *Emerson* v. *Shores,* 95 Maine, 237; *Giles* v. *Simonds,* 15 Gray, 441, 77 Am. Dec. 373. The same principles hold when the wood is reserved, instead of being conveyed.

The question now presented is whether, under such a contract, the wood must be removed, as well as severed, within the time limit, in order to prevent a forfeiture of title of so much as has been severed, but not removed. We think not. We have already stated that when the tree is severed from the soil, the wood becomes personal property, and, further, it becomes the property of the licensee. He was licensed to enter to cut and remove, within a limited period. He has entered and cut within the period, and thereby has acquired a property in the wood. Will he lose that property because he neglects to exercise the other powers of his license within the limit of time? We can perceive no valid reason why he should. The contract does not call for a forfeiture, and we are aware of no legal principle that requires it.

But it is argued that when the license has expired, the one who was licensee can no longer go upon the land to remove his wood without being guilty of a trespass. Grant that to be so. It is only the case of one whose goods or chattels are unlawfully upon the land of another. Does he lose title, for the reason that he must commit a trespass to recover them? This same question was asked in *Irons* v. *Webb,* 41 N. J. Law, 203, 32 Am. Rep. 193, where the trees had been cut within the period limited for removal, but a portion of the wood had not been removed. And the question was answered in this way: "The only particular relied upon is the circumstance that if the timber was permitted to remain on the premises until the time of removal had expired, it became unlawful to enter for the purpose of taking it away. But the effect of such an incident is not in law to work a forfeiture of title. Such a position of property is not uncommon. Chattels are frequently placed or left by their owner on the land of another without his permission, but it will scarcely be pretended that, by so doing, the title to such chattels becomes vested in the proprietor of the land. In such case the land owner has an

adequate remedy for the wrong suffered by him; he is entitled to be indemnified for all the loss he may have sustained by having had his land illegally burdened by chattels placed there without right, and in consequence of the entry to remove them; and in this way, instead of by the exorbitant method of forfeiture of such chattels, the law applies to the case its ordinary measure of damages, and thus gives compensation. . . . . And this, it seems to me, is the extent of the right of the vendor of this timber after the time for its removal had elapsed; he could have called the vendee to account for leaving it on the land beyond the stipulated time, and for all damages to his land done by its removal after such period, but he had no right to claim such timber as his own, and put it to his own uses." To the same effect is the reasoning in *Hoit* v. *Stratton Mills*, 54 N. H. 109, 20 Am. Rep. 119. See *Davis* v. *Emery*, 61 Maine, 140, 14 Am. Rep. 553.

The precise question upon which this case turns was decided in accordance with the views we have expressed, in *Plumer* v. *Prescott*, 43 N. H. 277, in which case the court used the following language: "When, however, these trees are lawfully cut by the vendee within the time limited by the contract, they cease to be parcel of the land and become the personal property of the vendee; and unless it can be considered that he has waived or forfeited his title to the timber by neglecting to remove it within the time, it must stand for aught we can see upon the footing of any other personal property of the vendee, which by his fault or neglect, and without any fault of the vendor, is upon the land of the latter. It is very clear, we think, that having been lawfully severed from the land it has become personal property, and at any period before the expiration of the limited time, at least, the title is vested in the vendee as fully as any other chattels. If this be the case, it is difficult to see how the title can be lost by the neglect to remove it."

The case of *Kemble* v. *Dresser*, 1 Met. 271, 35 Am. Dec. 364, is cited by the learned counsel for the defendant as being opposed to this conclusion. In that case the sale seems to have been made upon *the express condition* that the wood should be "got off and removed within two years, *and not afterwards*," and thus the case is distin-

guished by the court in *Plumer* v. *Prescott*, supra. We do not deem it necessary to discuss this distinction, if such it be, as we are satisfied, upon reason as well as upon authority, that the title to the wood cut during the time fixed was not lost by neglecting to remove it within the same period.

This case was submitted to the presiding justice, with the right of exception, upon facts stated, to determine whether the action was maintainable. The justice ruled that it was maintainable. And as we have found the title to be in the plaintiff, the only remaining question presented by the exceptions to that ruling is whether the justice was warranted in finding a conversion by the defendant. We think he was. The defendant was the owner of the land on which the wood was. He not only forbade the plaintiff's entering upon the land, but also his removing the wood therefrom. It is apparent that the defendant assumed that he owned the wood. Under these circumstances, we think his act was such an exercise of dominion over the wood as to warrant the presiding justice in finding a conversion. *Woodis* v. *Jordan*, 62 Maine, 490.

In accordance with the stipulation, the case is to go back for assessment of damages by a jury.

> *Exceptions overruled.*
> *Case remanded for assessment of damages.*