IRA W. SANBORN, C. W. SANBORN AND LAURA D. SANBORN, *Plaintiffs in Error,* v. THE FRANKLIN COUNTY LUMBER COMPANY, A CORPORATION, *Defendant in Error.*

1. Logs are chattels, and, when they are wrongfully detained, their value may be recovered in an action of replevin.

2. Where a deed makes a bargain and sale of "all of the standing cypress trees dead or alive, and all logs now cut and lying on" described land, and contains a covenant authorizing entry on the land to cut and remove the trees for the term of two years or until the removal of all logs cut under the contract with a further provision that the vendee shall "deaden, cut and remove the timber on said lands with diligence and as fast as the floods and water courses will permit; but if the said cypress timber shall not be removed within two years, then the vendee shall have two years" longer, the logs cut during the contract period for cutting are the property of the vendee and may be removed within a reasonable time after the expiration of the second two years pursuant to the provision of the deed giving further time for removing logs already cut under the contract.

This case was decided in Division A.

Writ of Error to the Circuit Court for Liberty County.

The facts in the case are stated in the opinion of the court.

*Price & Watson* and *Nat R. Walker,* for plaintiffs in error;

*C. L. Wilson* and *R. F. Burdine,* for defendant in error.

WHITFIELD, J.—On February 24th, 1903, for a consideration of $100.00, the plaintiffs in error by deed duly executed, granted, let, bargained and sold to the Franklin County Lumber Company, all of the standing cypress trees, dead or alive, and all logs now cut and lying on "certain described land," to have and to hold to the said Franklin County Lumber Company, and its successors, all of the said cypress timber on the land * * * which will measure fourteen inches and up in diameter at the blossom end, for the sum of $1.25 and 25 cents per thousand superficial feet to be paid for as fast as delivered to the said Franklin County Lumber Company, the quantity and class to be ascertained by the legal inspector or inspector of logs and lumber at Carrabelle, Florida. And the said grantors do hereby license, authorize and permit the said Franklin County Lumber Company, its servants, agents and employes to enter upon the said land and cut and remove the said trees therefrom, without let or hindrance, for the term of two years, or until the said Franklin County Lumber Company shall have removed all logs which it may have cut on said lands by reason of this contract, and the said Franklin County Lumber Company is hereby privileged to cut all necessary roads, ditches and float-ways for the purpose of drifting out said timber. The said Franklin County Lumber Company hereby agrees to deaden, cut and remove the timber on said lands with due diligence and as fast as the floods and wate rcourses will permit; but if the said cypress timber shall not be removed within two years, then the Franklin County Lumber Company shall have two years longer from date of expiration of this contract upon payment by Franklin County Lumber Company of $100.00, for further license."

This deed offered in evidence contained the following endorsement: "November 22nd, 1905, we Laura D.

VOL. 55, JANUARY TERM, 1908. 391

Sanborn, et al. v. Franklin County Lumber Co.—Opinion of Court.

Sanborn, Ira Sanborn and Cliff W. Sanborn, for and in consideration of $100.00, to us in hand paid by the Franklin County Lumber Company, we do hereby extend the within contract for two years from the 24th day of November, A. D. 1905.

I. H. Hose.

> Laura D. Sanborn,
> Ira Sanborn,
> C. W. Sanborn."

In June, 1907, the Franklin County Lumber Company brought an action of replevin to recover of the Sanborns fifty cypress logs of the value of $250.00, cut under the deed but not removed from the land at the expiration of the dates mentioned in the deed. Judgment for $75.00 was rendered for the plaintiff company and the defendants took writ of error.

In replevin goods or chattels wrongfully detained or their value may be recovered. Sections 2171, 2189, general statutes. Logs are chattels and when they are wrongfully detained, their value may be recovered in an action of replevin.

The logs in controversy were cut on and remain on the lands of the defendants, and unless the plaintiff has a right to the possession of the logs, replevin will not lie.

Right of possession is claimed by the plaintiff by virtue of the cutting of the logs on the land under the terms of the deed of bargain and sale above quoted.

By the terms of the deed, the defendants bargained and sold to the Franklin County Lumber Company "all of the standing cypress trees, dead or alive, and all logs now cut and lying on" the land "which will measure fourteen inches and up in diameter at the blossom end." The deed contains a covenant authorizing and permitting the plaintiff company, its agents and employes to enter upon the land and cut and remove the said trees therefrom, without

let or hindrance, for the term of two years, or until the said company shall have removed all logs which it may have cut on said ·lands by reason of the contract. The deed further provided that the plaintiff company should "deaden, cut and remove the timber on said lands with diligence and as fast as the floods and water courses will permit; but if the said cypress timber shall not be removed within two years, then the Franklin County Lumber Company shall have two years longer from date of expiration of this contract, upon payment by Franklin County Lumber Company of $100.00, for further license."

The legal meaning and effect of this deed are a bargain and sale to plaintiff of all standing cypress trees and cut logs of the stated size on the land at the date of the deed, giving the company the right to cut and remove the specified *trees* from the land for two years, but if the *timber* shall not be removed within two years, then the plaintiff company *shall have* two years after the expiration of the first two years for removing the *timber* upon paying $100.00, for further license, with a still further extension of time "until the said Franklin County Lumber Company shall have removed *all logs which it may have cut on said lands by reason of this contract.*" The contingencies contemplated that might require more time for removing *logs that had been cut* under the contract are indicated by the provision that the plaintiff company shall "deaden, cut and remove the timber on said lands with due diligence and as fast as the floods and water courses will permit."

The law implies that the additional time allowed the company for removing "all logs which it may have cut on said lands by reason of this contract" shall be a reasonable time under the circumstances controlling the case, having reference to due diligence and to floods and water courses. The contract was extended two years as pro-

vided for therein; therefore the additional time allowed for *removing logs cut within the contract·periods* began at the expiration of the second two years.

.Logs that were cut during the contract period for cutting became the chattel property of the plaintiff company, and if such logs were not removed from the land before the expiration of the definite periods provided for in the deed, they remained the property of the company and under the law could be removed within a reasonable time pursuant to the provision of the deed giving for *removing logs* already cut under the contract additional time "until the said Franklin County Lumber Company shall have removed all logs which it may have cut on said lands by reason of this contract." See Plumer v. Prescott, 43 N. H. 277; Hoit v. Stratton Mills, 54 N. H. 109; Hicks v. Smith, 77 Wis. 146, 46 N. W. Rep. 133; Irons v. Webb, 41 N. J. L. 203, 32 Am. Rep. 193; Erskine v. Savage, 96 Me. 57, 51 Atl. Rep. 242; Alexander v. Bauer, 94 Minn. 174, 102 N. W. Rep. 387; 25 Cyc. 1552.

The trial court placed this construction upon the deed. In view of the rights thus ascertained of the plaintiff company in the logs in controversy, it was proper to receive evidence and to give instructions to the jury as to the reasonable sufficiency of the time since the contract periods expired for the removal of the logs cut under the contract, having regard to. due diligencè of the plaintiff and to the floods and water courses affecting the removal of the logs from the land.

Counsel for the plaintiffs in error in their brief say: "If the construction placed upon the contract by the court was the correct one, then the evidence was ample to support the verdict and the motion for a new trial was properly denied, except for the error complained of in the fourteenth assignment of error,"· which is the refusal to give the following charge: "you cannot find for the plain-

tiff the value of any logs, if there are any shown by the evidence to be under fourteen inches in diameter at the blossom end." The refusal to give this instruction is not error, as it may be construed to exclude all recovery, even if some of the logs are shown to be of the required size.

There was testimony that four or five of the logs were estimated to be slightly under the required size, but in this case, the doctrine of *de minimis* may well be applied.

The jury found the minimum value of the logs.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.