EDWARD. Y. WILLIAMS v. THOMAS H. McGRAW.

*Commissions.*

A claim for commissions on a sale of logs was based on the following advices from the owner: "I would sell them for $8 or, if you thought necessary, as low even as $7.50. I want you to find a customer for me, and I will feel greatly obliged, besides paying you whatever you ask for your trouble." The logs were in fact sold to a purchaser designated to the agent by the owner, at prices lower than those stated, and the agent acted in part in the purchaser's interest. *Held* that he was not entitled to commissions.

Error to Bay.   (Green, J.)   Jan. 17.—Jan. 29.

ASSUMPSIT.   Plaintiff brings error.   Affirmed.

*A. McDonell* and *John J. Wheeler* for appellant. An agent to find a purchaser has only to bring together the vendor and purchaser: *Duffey v. Hobson* 6 Am. Rep. 617; *Carter v. Webster* 79 Ill. 435: 3 Cent. L. J. 409; *Earp v. Cummins* 54 Penn. St. 394; *Rupp v. Sampson* 16 Gray 398; *McCreery v. Green* 38 Mich. 172; *Fox v. Rouse* 47 Mich. 558; and he is entitled to his commission if the sale is made even though the price first named is not paid: *Stewart v. Mather* 32 Wis. 344; *Woods v. Stephens* 46 Mo. 555; *Jones v. Alder* 34 Md. 440; or even though the vendor did not know the agent had obtained the purchaser: *Shepard v. Hedden* 5 Dutch. 334; *Gillett v. Corum* 7 Kan. 156; and while he cannot have commissions if he acts as the purchaser's agent, without the vendor's consent *Walker v. Osgood* 98 Mass. 353; *Scribner v. Collar* 40 Mich. 375); he can otherwise: *Barry v. Schmidt* 57 Wis. 172.

*Hatch & Cooley, Isaac Marston* and *John Atkinson* for appellee cited *Ingerson v. Starkweather* Walk. Ch. 346; *Clute v. Barron* 2 Mich. 192; *Dwight v. Blackmar* id. 330; *Moore v. Mandlebaum* 8 Mich. 441; *Ames v. Pt. Huron* 11 Mich. 139; *Flint &c. R. R. Co. v. Dewey* 14 Mich. 477; *Scribner v. Collar* 40 Mich. 376; 1 Pars. Cont. 61, 81, 85, 112; *Church v. Marine Ins. Co.* 1 Mas. 341; *Davone v. Fanning* 2 Johns. Ch. 251.

CAMPBELL, J.   Plaintiff sued defendant for commissions on a sale of logs, the sum claimed being 25 cents a thousand on between 11 and 12 million feet. The court below, allowing recovery for some other causes of action, ruled that there could be no recovery for this, which must have been on the ground that there was no testimony to support it.

Defendant, who lives at Poughkeepsie, New York, owned the logs in question, some cut and some not then cut, on Rifle river. January 7, 1881, defendant wrote a letter to

plaintiff, in which, after describing the property, he says: "I would sell them for $8, or if you thought necessary, as low even as $7.50. I want you to find a customer for me, and I will feel greatly obliged, besides paying you whatever you ask for your trouble." This is the only direct communication from defendant to plaintiff relating to employment. Plaintiff testifies that before he received it he was called upon, at his office in Bay City, by Mr. Barker, who told him he had received a dispatch from McGraw, stating that Mr. Hall, president of the Export Company (the subsequent purchasers of the logs), would be there in a day or two, and desiring plaintiff to be sure and sell the logs to him. The price mentioned was $7.50 a thousand. Mr. Hall is said by plaintiff to have been present at this interview. Immediately thereafter plaintiff visited the place where the logs were, and Hall desired him to report to him, and he subsequently telegraphed and wrote to Mr. Hall his views about value and the policy of purchasing them. He subsequently telegraphed to defendant that if he would go to New York, he could probably close a bargain with the Export Lumber Company. He also telegraphed to New York to Mr. Hall, the president, advising him not to buy over eight dollars, and that he should want a guaranty for delivery by July 1st. This delivery, he says, was to be at Bay City, while the prices mentioned by defendant were at the boom, which would involve the purchaser in expenses and risks of removal to the ultimate destination. Plaintiff had previously peformed services for the Export Company, and after these logs were sold, attended to their sawing. There is a conflict between him and Mr. Hall as to whether Hall paid him commissions on this purchase.

Defendant went to New York and was unable to contract with Hall on the original terms proposed, owing to plaintiff's advices to Hall. A bargain was finally made for a portion of the lumber, excluding certain qualities, and the contract provided for delivery at Tawas and Bay City, and involving some stipulations as to rafting and sawing. The testimony indicates that the price received was practically

considerably lower than that proposed, but as plaintiff puts his claim on peculiar grounds which do not involve this inquiry very closely, and as the case was taken from the jury, we cannot look into any disputed matters.

It appears, however, from plaintiff's own showing, that he peformed services for Mr. Hall in connection with this business, and that, so far as he exercised any influence at all, it was not in the direction of getting a sale on the terms proposed. It might be a matter for serious consideration whether this double agency could be allowed to form a basis of compensation, if it were true, as plaintiff claims, that his duty assumed was merely to bring parties together. But there is nothing in the case which, in our opinion, indicates that he was to receive any compensation unless he procured a purchaser at defendant's prices. Such is plainly, we think, the meaning of defendant's letter to plaintiff. The only other communication bearing on the subject was a dispatch to defendant's agent fixing the same prices, and naming Mr. Hall as the purchaser to be approached. If this is the one read in the presence of Hall and plaintiff, as plaintiff alleges, it was confined to the procurement, or at least the attempt to procure, a sale to Hall at the boom for the prices named, and the purchaser was nominated by defendant himself. No such services, either by attempts or successful results, were shown. The case, in our opinion, is entirely destitute of any testimony of the rendering of such services as were contemplated.

We think the judgment is correct and should be affirmed.

SHERWOOD and CHAMPLIN, JJ. concurred. COOLEY, C. J. did not sit in this case.