John Ross Keach, et al., Executors, etc., v. F. L. Bunn, et al.

1. REAL ESTATE AGENT—*when, not entitled to commissions.* A real estate agent employed to sell land or find a purchaser therefor, is not entitled to his commissions where his principal merely gives an option to purchase to the party procured by such agent.

2. AGENT—*when, may recover commissions from both vendor and vendee.* Where a person is acting as agent for both vendor and vendee with their knowledge and positive consent, or with such knowledge coupled with proof of facts and circumstances from which consent may be reasonably inferred, the agent is not precluded from recovering commissions from both vendor and vendee.

3. AGENT—*when, not entitled to commissions.* Where an agent in making a sale of real estate has acted as agent for the vendor as well as for the vendee, he cannot recover commissions from the vendee unless he brings the case within one of the established exceptions to the general rule that an agent cannot recover commissions from both parties to a transaction.

4. AGENT—*when, forfeits right to commissions.* If an agent or broker employed to transact a particular business is guilty of bad faith to his principal, he thereby forfeits his right to commissions.

Contested claim in court of probate. Error to the Circuit Court of Greene County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1904. Reversed, with finding of facts. Opinion filed October 14, 1904.

WILLIAM BROWN and H. C. WITHERS, for plaintiffs in error.

RAINEY & JONES, JAMES S. NEVILLE and BARRY & MORRISSEY, for defendants in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Defendants in error, F. L. Bunn and W. A. Kirkpatrick,

filed their claim in the County Court of Greene county,
against the estate of Anna C. Keach, for the sum of $16,880,
being the amount of commissions claimed to be due them
upon the sale of 8,440 acres of land by said Anna C. Keach
to L. M. and W. D. Fairbanks. The County Court disallowed
the claim. On appeal to the Circuit Court the cause was
tried by the court without a jury, resulting in a judgment
against the estate for the full amount of the claim. This
writ of error is prosecuted to reverse such judgment.

The uncontroverted evidence in the case discloses sub-
stantially the following facts: On January 4, 1901, de-
fendant in error Kirkpatrick introduced to Anna C. Keach
one L. M. Fairbanks, as a prospective purchaser of the
premises designated as the Keach ranch or farm. Prior to
the meeting, pursuant to such introduction, Kirkpatrick
had entered into an agreement with Fairbanks, whereby
the latter was to pay Kirkpatrick $500 as a commission if
he (Fairbanks) became the purchaser of the property. The
conference on January 4 between Mrs. Keach and Fair-
banks, did not result in any agreement for a sale of the
premises, but the latter informed Kirkpatrick what amount
he was willing to give for the land, and Kirkpatrick there-
upon called upon Mr. Gilmore, a banker at Roodhouse, and
requested him to call on Mrs. Keach and persuade her to
get down to their basis so that a trade might be made.

On January 15, 1901, the following commission contract
was entered into between Mrs. Keach and defendants in
error:

"I agree to pay F. L. Bunn and W. A. Kirkpatrick of
Bloomington, Illinois, the sum of $2.00 per acre for selling
my farm, or will pay same commission if they furnish or
send parties who will purchase the property at a price sat-
isfactory to me.

ANNA C. KEACH.

Dated at Keach's Ranch, Bluffdale, Ill., this 15th day
of January, 1901.

"Accepted: F. L. BUNN, for Bunn & Kirkpatrick."

This contract was entered into by Mrs. Keach in igno-
rance of the agreement between Kirkpatrick and Fair-

banks for the payment of a commission upon a purchase of the land by the latter.

January 18, 1901, Mrs. Keach executed to L. M. and W. D. Fairbanks a lease of the land for the term of ten years from March 1, 1901, with the privilege of renewal for the further term of ten years and an option to purchase the land at any time during the life of the lease for the sum of $275,000. Kirkpatrick took no active part in the negotiations between Mrs. Keach and Fairbanks which terminated in the lease and option to purchase, but was present about the premises during their pendency. On that occasion Fairbanks told Mrs. Keach that he had agreed to pay Kirkpatrick a commission of $500 in the event that he bought the land, and she in turn told him of her contract to pay Bunn & Kirkpatrick a commission of $2 per acre. Before the execution of the lease and option to purchase by Mrs. Keach, she sought an interview with Kirkpatrick, the details of which do not appear in the record. It does appear, however, that at that interview Kirkpatrick insisted he was entitled to a commission of $1 per acre for his services in procuring a lease of the land and that she denied any liability therefor. On February 3, 1903, Mrs. Keach, with other part owners of the land, conveyed the same by warranty deed to the Fairbanks for the expressed consideration of $200,000. Mrs. Keach died February 18, 1903.

Numerous errors are assigned in the admission and exclusion of evidence, and in the holding and refusing propositions of law submitted to the trial court, which, in the view we are constrained to take of the case, renders it unnecessary we should discuss in detail.

It must be conceded under the evidence that defendants in error were the procuring cause of the contract of leasing and option to purchase entered into between Mrs. Keach and the Fairbanks. Their services in this behalf, however, aside from other considerations, did not entitle them to the commission claimed. They neither sold the land nor sent parties who entered into a binding contract to purchase. An agent or broker employed to sell land or

find a purchaser for the same, is not entitled to his commission therefor, where his principal merely gives an option to purchase to the party procured by such agent. Lawrence v. Rhodes, 188 Ill. 96.

If a right of recovery exists in this case, it must be based upon the fact that the land in question was sold by Mrs. Keach to the Fairbanks on February 3, 1903.

It is insisted by plaintiffs in error that defendants in error are precluded from recovering a commission because the evidence shows that they acted as agents for both buyer and seller, under a contract with each for the payment of a commission upon the sale of the land, and because they were guilty of bad faith toward Mrs. Keach. Defendants in error concede the general rule to be that a person acting as agent for both vendor and vendee can recover commission from neither, but insist that this general rule is subject to these exceptions: first, where both parties have knowledge of the double agency; second, where the agent has no discretion as to price and terms; and third, where the agent simply acts as a middleman.

The statement by defendants in error of the first exception is not accurate. Where a person is acting as agent for both vendor and vendee with the knowledge and positive consent of the parties, or with such knowledge coupled with proof of facts and circumstances from which consent may be reasonably inferred, it has been held that he was not precluded from receiving a commission from each. The evidence in this case does not bring it within the exception, properly stated. True, Mrs. Keach was informed by Fairbanks, during the final negotiations for the lease and option, that defendants in error were acting as agents for the latter for compensation, but it does not appear that she consented to the double agency. The only evidence bearing upon that question tends to show that Mrs. Keach, immediately upon being informed of the double agency, sought an interview with Kirkpatrick and denied her liability to pay a commission for the services of defendants in error. The burden was on defendants in error to show

that Mrs. Keach had consented to the double agency. Young v. Trainor, 158 Ill. 428. This they did not do.

There is very respectable authority for holding that an agent having no discretion as to price or terms may recover a commission on the sale from both vendor and vendee, and this upon the ground that such an agent is not relied upon for counsel and discretion and no trust relation is involved. Without undertaking at this time to determine whether such an agency can be properly held to be an exception to the general rule above stated, it is sufficient to say that we do not think it can be invoked in this case.

The contract in question has been treated by defendants in error as one involving no other agency than to furnish or send parties to Mrs. Keach who would purchase the property at a price satisfactory to her. The contract, in express words, recognizes defendants in error as her agents to sell the land. The language is: "I agree to pay F. L. Bunn and W. A. Kirkpatrick * * * the sum of $2.00 per acre for *selling* my farm." While it does not set out the price and terms upon which a sale might be effected, it is inconceivable that defendants in error, having authority to sell, were not informed by Mrs. Keach as to the price and terms or vested with some discretion in that regard. That they knew the price and terms upon which they were authorized to sell and that they had made some effort to induce her to take a less price, is evidenced from the fact that Kirkpatrick asked Gilmore, a banker at Roodhouse, to call on her and persuade her to get down to their basis, so that a trade could be made.

The authority of defendants in error, under their contract with Mrs. Keach was not limited to sending or furnishing a purchaser, but was authority to sell as well; and having such authority they were bound to exercise it with an eye single to her best interests and in an effort to induce prospective purchasers to comply with her demands, and not by secret intrigue attempt to bring strong outside influence to bear on her to comply with terms proposed by such prospective purchasers. Defendants in error were

not middlemen in the transaction, either by the express terms of the contract with Mrs. Keach, or under the evidence, in their efforts to induce her to comply with the terms proposed by the Fairbanks. Had the negotiations between Mrs. Keach and the Fairbanks on January 18, 1901, resulted in a sale of the land to the latter for $200,000, instead of the lease and option to purchase, and a claim for commission by defendants in error then made, we think Mrs. Keach could have successfully interposed the same defense to such claim that her executors now set up. If defendants in error would not be entitled under the facts in this record, to recover commissions upon a sale then consummated, they are in no better position as regards such claim, because a sale was subsequently consummated between the same parties. "The same man cannot act at the same time as agent for both buyer and seller. His duty to the one is inconsistent with his duty to the other." Warrick v. Smith, 137 Ill. 504; Young v. Trainor, *supra*.

If an agent or broker employed to transact a particular business is guilty of bad faith to his principal, he thereby forfeits his commissions. " In the application of this rule it makes no difference whether the result of the agent's conduct is injurious to the principal or not; in such case the misconduct of the agent affects the contract from considerations of public policy rather than of injury to the principal." Hafner v. Herron, 165 Ill. 242. The authorities bearing on the question here involved are fully collated in a note to the case of Leathers v. Canfield, reported in 45 L. R. A., page 33.

For the reasons stated, the judgment is reversed without remanding, with a finding of facts by this court.

*Reversed.*

Finding of facts, to be incorporated in the judgment of the court:

We find that at the time the contract for the payment of a commission to defendants in error upon the sale of real estate, sued on in this case, was executed by the vendor,

Anna C. Keach, the defendants in error had a contract with the Messrs. Fairbanks for the payment by them to the defendants in error of a commission upon the purchase of the same real estate and that the defendants in error did not disclose to said Anna C. Keach the fact that they had such contract with the Messrs. Fairbanks; and that the said Anna C. Keach never consented to such double agency. We further find that the defendants in error were guilty of bad faith toward said Anna C. Keach in concealing from her the existence of their contract with the Messrs. Fairbanks, and in their conduct toward the said Anna C. Keach pending the negotiations for the sale of said real estate.