R. C. A. PETERSON *v*. E. S. CHURCH.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MAY 2, 1905.          DECIDED MAY 22, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

REAL ESTATE BROKER—*evidence of authority.*

> Evidence held sufficient to warrant a finding that plaintiff was employed to act as a broker for defendant in negotiating the sale of defendant's property.

PRINCIPAL AND AGENT.

> A sale of land made by an agent on different terms from those authorized by his employer will not bind the latter to pay for the services of the former.

An agent's power to sell a piece of land which is mortgaged, the purchaser to assume the mortgage, does not authorize the agent to bind his principal to convey by a warranty deed.

Where an agent makes a contract which is unauthorized in one particular the mere fact that the principal, in repudiating it, gives as his reason that it is unauthorized in another particular, in whch, however, it is authorized, does not constitute a ratification where the third party is in no way injured by the form of the principal's objection so as to raise an estoppel.

OPINION OF THE COURT BY WILDER, J.

This was an action of assumpsit to recover from defendant the sum of $375 for services alleged to have been performed by plaintiff for defendant as a real estate broker in negotiating a sale of defendant's house and lot. After a verdict for plaintiff defendant moved for a new trial, which was denied. The case comes to this court on three exceptions of defendant, the others being expressly waived. These three exceptions are (1) that the trial court erred in giving inconsistent, confusing and contradictory instructions to the jury; (2) that the uncontradicted evidence in the case shows that plaintiff was never employed to act as the agent or broker of defendant in negotiating the sale of her property; and (3) that the verdict was contrary to the law and the evidence.

We will first consider the second exception. All that this court can do is to ascertain frcm the record whether or not there was any evidence beyond a scintilla which would justify the jury in finding as they did. An examination of the transcript and exhibits satisfies us that this exception is without merit. There was evidence tending to show that after some preliminary negotiations between plaintiff and defendant's husband as to the leasing and selling of defendant's home, of which defendant had some knowledge, in response to a request from plaintiff to defendant over the telephone to have defendant's husband send to plaintiff in writing the terms and particulars of the sale of defendant's place, defendant replied that she would

do so; and that defendant's husband thereupon, in compliance with such request, sent the particulars in writing to plaintiff, although defendant afterwards claimed that there was a misunderstanding as to the price mentioned. This was sufficient to warrant the jury in finding that plaintiff was employed as a broker to negotiate a sale of defendant's property.

The third exception of the defendant is that the verdict was contrary to the law and the evidence. It is claimed that the terms of the sale as arranged by plaintiff with the purchaser were completely at variance with the terms which defendant had authorized. Defendant's terms were contained in the following letter to plaintiff from her husband:

"Waialua, Oahu, March 21, 1904.

"R. C. A. Peterson, Esq.,

"Honolulu, T. H.

"Dear Sir:—Replying to your telephonic message of this date relative to my wife's house on Kewalo St. would say that we have leased same to Mr. Charles Forster of the California Feed Co. at $60.00 per month and while I have not as yet actually executed a lease to him yet I purpose protecting him to the same extent as if such a lease had actually been recorded. There is as you know a mortgage of $3500 on the property held by Mr. Tom May—this would of necessity have to be assumed by any purchaser. The property as it stands cost me fully $10,000 cash and I am assessed upwards of that amount. My wife will take $4000.00 cash purchaser assuming mortgage as above, or $4500, $2000 cash and balance on time, always providing that a lease of at least six months be given Mr. Forster. Trusting that my position is sufficiently clear, I remain, very truly yours,

(Signed)   "F. J. CHURCH."

The terms upon which the purchaser agreed to buy were contained in the following receipt:

"Honolulu, Mar. 26, 1904.

"Received from F. B. Whitin, of Whitinsville, Mass., the sum of Two Hundred Dollars, being first payment on purchase price ($7500) of Mrs. F. J. Church home situate on Kewalo Street, containing 27,200 sq. ft. Balance $7300.00 to be paid on delivery of warranty deed, free of all incumbrances, prop-

erly executed and stamped.   Said deed to be executed and
delivered by the 8″ day of April, 1904.

(Signed)   "R. C. A. Peterson."

It is well settled that a sale of land made by an agent on dif-
ferent terms from those authorized by his employer will not
bind the latter to pay for the services of the former even
although the terms are more advantageous than those called for
by the employer.   *Nesbitt v. Helser*, 49 Mo. 383; *Hamlin v.
Schulte*, 31 Minn. 486; *Williams v. McGraw*, 52 Mich. 480.

In the case at bar the contract made by plaintiff with the
purchaser differed in three particulars from the terms author-
ized by defendant, namely, as to the lease to the Forsters, as to
the mortgage held by Mr. May, and as to a deed with covenants
of warranty.   The variance as to the lease is immaterial be-
cause that was only put in for the benefit of the tenants then in
possession and plaintiff had made satisfactory arrangements
with them.   Defendant authorized a sale for $4000 cash, the
purchaser to assume a mortgage of $3500.   The purchaser paid
$200 and agreed to pay $7300 on delivery of a warranty deed,
but said nothing about the mortgage.   If the mortgage was due
or if the mortgagee was willing to release then it would have
been substantially the same, but the plaintiff would have to
show that, and as he has not done so it follows that there was a
fatal variance in this particular.   There was also a fatal vari-
ance in the matter of a warranty deed.   The purchaser only
agreed to pay the balance of the purchase price "on delivery of
a warranty deed free from all incumbrances."   As there was a
mortgage on the place defendant could not have intended to
convey by a warranty deed, and plaintiff exceeded his authority
in attempting to bind her so to do.

But plaintiff claims that defendant in refusing to consum-
mate the sale on the ground of the insufficiency of the price
thereby waived the variance in the other particulars.   The only
ground of objection raised being untenable, the question is
whether defendant can set up other objections which would have
been tenable.   This question was settled in the case of *Hawaiian*

*Agricultural Company v. Norris,* 12 Haw. 229, 245, where it was held that where an agent makes a contract which is unauthorized in one particular the mere fact that the principal, in repudiating it, gives as his reason that it is unauthorized in another particular, in which, however, it is authorized, does not constitute a ratification where the third party is in no way injured by the form of the principal's objection so as to raise an estoppel.

It is unnecessary to pass on the other questions raised.

The exceptions are sustained, the verdict is et aside, and the case is remanded to the circuit court of the first circuit for such further proceedings as may be proper.

*Castle & Withington* for plaintiff.

*A. S. Humphreys* for defendant.