(July 1, 1913.)

## JAMES A. MARTIN, Respondent, v. MARY WILSON, Appellant.

[134 Pac. 532.]

REAL ESTATE BROKER—COMMISSION—PURCHASER—SALE.

1. To entitle a real estate agent to commission a contract of employment is necessary, and where employment is alleged, and where, as in this case, the employment is denied, the relation of principal and agent must be affirmatively established by preponderance of the evidence, though such relation may be implied from such facts and circumstances as satisfactorily establish its existence.

2. Where a contract is entered into by the owner of real estate and a proposed purchaser for the sale of the real estate, and the contract provides that the purchaser agrees to buy the undivided one-half interest of three minor heirs, and the contract further provides, "if he shall not buy said interest of said minor heirs for the said sum of $2,500 upon the terms aforesaid, then this agreement shall be of no effect, and the first party shall be under no obligation to convey her interest in said property [referring to appellant, who was the first party of such contract], *held*, that such provision is a mere option and not a contract of sale, and that the contract is void in default of compliance therewith.

3. An agent or broker employed to sell land or find a purchaser for the same is not entitled to a commission therefor where his prin-

cipal merely gives an option to purchase to the party procured by such agent, and no sale is made.

4. A contract made to pay a broker a certain commission upon a sale of real estate in consideration of the broker furnishing a purchaser is not satisfied by the furnishing of a purchaser who enters into a contract to purchase the land upon the condition of buying a half interest in said property at a guardian's sale, where the contract provides it shall be optional with the purchaser to buy or not, and such interest is not bid for or purchased by the proposed purchaser, and a commission cannot be recovered by the broker for such sale.

APPEAL from the District Court of the Fourth Judicial District for Twin Falls County. Hon. C. O. Stockslager, Judge.

Action to recover for services as a broker. Judgment for plaintiff. *Reversed.*

Longley & Hazel, for Appellant.

The relation of principal and agent necessarily involved in this case depends upon, first, what, if anything, defendant employed plaintiff to do; second, whether or not such employment was carried out. (*Williams v. McGraw*, 52 Mich. 480, 18 N. W. 227; *Castner v. Richardson*, 18 Colo. 496, 33 Pac. 163; *Earp v. Cummins*, 54 Pa. 394, 93 Am. Dec. 718; *Samuels v. Luckenbach*, 205 Pa. 428, 54 Atl. 1091.)

"To entitle a real estate agent to commission, a contract of employment is necessary." (*Geier v. Howells*, 47 Colo. 345, 107 Pac. 255, 27 L. R. A., N. S., 786.)

"In an action to recover the agreed compensation to be paid on the making of a sale of property, the broker is not.entitled to recover for merely finding a purchaser, when he failed to consummate a sale." (*Dorrington v. Powell*, 52 Neb. 440, 72 N. W. 587; *Lye v. University etc. Co.* (Tex. Civ. App.), 30 S. W. 726; *Sullivan v. Milliken*, 113 Fed. 93, 51 C. C. A. 79; *Chaffee v. Widman*, 48 Colo. 34, 139 Am. St. 220, 108 Pac. 995.)

The rule is, that a broker employed to effect a sale, who secures a mere option, is not entitled to a commission. (*Tou-*

*sey v. Etzel,* 9 Utah, 329, 34 Pac. 291; *Dinkelspiel v. Nason,* 17 Cal. App. 591, 120 Pac. 789; *Bun v. Keach,* 116 Ill. App. 397.)

The plaintiff tells us he was to sell the premises for defendant. Instruction No. 5 effectually removes this requirement, and tells the jury in effect that while the parties may have so agreed, yet, to recover, plaintiff need not carry out his contract of employment. (*Eckert v. Collot,* 46 Ill. App. 361.)

Sweeley & Sweeley, for Respondent.

The broker, respondent, having found a purchaser who was willing, ready and able to buy at the price and terms named by his principal, is entitled to his commission. (*Church v. Dunham,* 14 Ida. 776, 96 Pac. 203; *Cornell v. Hanna* (Kan.), 53 Pac. 790; *Sturgeon v. Culver,* 87 Kan. 404, 124 Pac. 419; *Fiske v. Soule,* 87 Cal. 313, 25 Pac. 430; *Martin v. Ede,* 103 Cal. 157, 37 Pac. 199.)

An instruction stating the law applicable to one theory of the case and substantially covering all the facts upon which the correctness of such theory depends is proper. (*Wheeler v. Gilmore & Pac. R. Co.,* 23 Ida. 479, 130 Pac. 801.)

"If an appeal is taken from the judgment and also from an order refusing a new trial, and an undertaking is given 'on such appeal,' without stating upon which appeal it is given, the appeals will be dismissed for want of a proper undertaking." (*Mathison v. Leland,* 1 Ida. 712; *Eddy v. Van Ness,* 2 Ida. 93, 101, 6 Pac. 115; *Motherwell v. Taylor,* 2 Ida. 139, 148, 9 Pac. 417; *Cronin v. Bear Creek Gold Min. Co.,* 3 Ida. 438, 32 Pac. 53; *Hoskins v. Woodin,* 4 Ida. 292, 38 Pac. 933; *Schiller v. Small,* 4 Ida. 422, 40 Pac. 53; *Weil v. Sutter,* 4 Ida. 748, 44 Pac. 555; *Kelly v. Leachman,* 5 Ida. 521, 51 Pac. 407; *Wallace v. McKinlay,* 6 Ida. 95, 53 Pac. 104; *Baker v. Oregon R. & N. Co.,* 8 Ida. 36, 66 Pac. 806; *Thum v. Bailey,* 12 Ida. 510, 86 Pac. 279; *Home v. Wilkins,* 71 Cal. 626, 12 Pac. 799.)

In the latter case application was made to the court by appellant to be allowed to file a proper undertaking under sec. 954, Code Civ. Proc., which section is identical with sec. 4822, Rev. Codes of Idaho, but the court said that the section re-

ferred to does not authorize it. "It only authorizes a new undertaking when the one filed is insufficient. But in this case there has really been none filed. To allow new ones to be filed would be, in effect, to permit a new appeal to be perfected after the time fixed by law." (See, also, *Heydenfeldt's Estate*, 119 Cal. 346, 51 Pac. 543; *Commercial Bank v. Wells*, 5 Cal. App. 473, 90 Pac. 981; *Little v. Thatcher*, 151 Cal. 558, 91 Pac. 321; *Pirrie v. Moule*, 33 Mont. 1, 81 Pac. 390; *Cook v. Oregon S. L. R. Co.*, 7 Utah, 416, 27 Pac. 5; *Bruhn v. Steffens*, 66 Wash. 144, 119 Pac. 29.)

The bond in question was void. The objections thereto cannot be "cured." As it was void, there was in fact no bond at all, as stated by this court in the case of *Eddy v. Van Ness*, 2 Ida. 93, 6 Pac. 115, and it was not competent for appellant to give a new bond after the time had expired to perfect his appeal; neither did respondent waive his right to object, for sec. 4809 relates only to bonds which are "insufficient" or "defective" and not to those entirely void. (*Cole v. Fox*, 13 Ida. 123, 88 Pac. 561; *Village of Hailey v. Riley*, 13 Ida. 749, 92 Pac. 756; *West v. Dygert*, 13 Ida. 641, 92 Pac. 753; *Haas v. Teters*, 17 Ida. 550, 106 Pac. 305.)

STEWART, J.—This is an action by a broker against his principal for commission for selling real estate. The complaint alleges that the defendant represented to the plaintiff that she was the owner of certain real property, and that on the 4th of August, 1911, the defendant, through and by her husband, A. G. Wilson, acting as her agent, authorized and empowered the plaintiff to find a purchaser for the said land above described, and at said time named a certain price and terms for the sale thereof, and at said time agreed to pay the plaintiff, in case he found a purchaser, the customary and usual commission, and that in pursuance of such authority the plaintiff found and interested a purchaser in said land and introduced the purchaser to the defendant as a purchaser for said land, and that said purchaser and the defendant negotiated for the sale thereof, and that thereafter on the 8th day of August the purchaser and the defend-

ant agreed upon the price, as given to the plaintiff, and terms of sale; that the purchaser so found and interested in said land and introduced to the defendant by the plaintiff was able, willing and ready to buy the land upon the price and terms so named by the defendant; that the purchase price agreed to between the purchaser and the defendant was the sum of $5,000; that the commission upon the sale was 5% and amounted to the sum of $250, for which judgment was demanded.

The answer of the defendant denies the allegations of the complaint, except as hereafter mentioned, and denies that she represented to plaintiff that she was the owner of the land, and alleges the fact to be that at the time and for some time prior thereto she was the owner of an undivided one-half interest, and that certain minor heirs of William McGill, deceased, were the owners of the other undivided one-half interest in said property, all of which the plaintiff well knew at all of the times mentioned in the complaint. The answer also denies that she had authorized or empowered her husband, A. G. Wilson, or anyone else, as her agent to deal or act in any manner or thing relative to the sale of said land, and denies that Wilson was by her authorized or empowered to make a contract to find a purchaser, and denies that Wilson did enter into a contract with plaintiff to find a purchaser of the land, and denies that Wilson named or fixed any terms or price of sale, and denies that Wilson, acting as her agent or otherwise, agreed to pay plaintiff any commission. The answer also denies that, pursuant to any authority given to plaintiff or otherwise, plaintiff found or interested a purchaser in said land, and admits that plaintiff brought one Arthur Mineau to look at the land, and thereafter a certain contract in writing was entered into between Mineau and the defendant, and that under said contract and the terms thereof Mineau and the defendant entered into negotiations for the sale of the land. The defendant also denies that the purchaser so found or interested or introduced was able, willing or ready to purchase the land upon the price or at the terms named or agreed upon in the written contract;

denies that the price agreed upon was the sum of $5,000 or any other sum or amount, except the minimum price was to be the sum of $5,000 in case sale was subsequently made to Mineau.

The defendant then pleads a written contract made on August 8, 1911, relating to the purchase and sale of the real estate described in the complaint, and that at that time she was the owner of an undivided one-half interest in the same; that certain minor heirs of William McGill, deceased, were the owners of the other half, and that the matter of guardianship of the minor heirs was pending in the probate court of Twin Falls county; that by virtue of said contract the defendant agreed to sell to Mineau under certain terms and conditions therein expressed, but upon the express condition that if Mineau did not succeed in securing the interest in said land of the minor heirs said contract of sale was void; that Mineau was the conditional or prospective purchaser secured by plaintiff, but Mineau did not purchase or secure the interest of the minor heirs in said land, and upon information and belief defendant alleges that Mineau was not ready, willing or able to make a bid for the purchase of the interest of the minor heirs at the public sale held under the order of the probate court in and for the county of Twin Falls, and failed to secure and purchase the same, although he had full opportunity to do so, and because of such failure and unwillingness did not become the purchaser of said land, and the contract was of no force and effect, and the defendant therefore alleges that the plaintiff did not find a purchaser for the land described in the complaint.

Upon these issues of fact the case was tried before a jury and a verdict rendered for the plaintiff for the sum of $250. This appeal is from the judgment and from the order overruling the motion for a new trial.

A motion to strike from the files the transcript of the testimony and proceedings was made, and is overruled. The same was properly corrected before argument.

A motion was also filed to dismiss the appeal for certain reasons, and this motion is also overruled. This motion is

based upon the ground that the appeal was not taken within the time prescribed by law. It was also moved to dismiss the appeal from the order overruling the motion for a new trial, because it was not made effectual, for the reason that an undertaking as required by the statute was not filed; and also upon the ground that no motion for a new trial has been properly presented to or passed on by the judge before whom the cause was tried, in that the reporter's transcript of testimony was not settled before the motion; and also that more than one year has passed since judgment was entered and filed.

Upon this motion the appeal from the judgment was admitted upon the argument not to have been taken within the time prescribed by law, and for that reason that part of the motion is sustained. The remainder of the motion, however, is overruled, and it is sufficient to say that the objections have been cured and are not well taken.

The first assignment of error is that the evidence is insufficient to justify the verdict and judgment. The particulars in which the evidence is insufficient are specified as follows: That the evidence shows that the contract of brokerage required the broker to make a sale of the premises, and that the evidence shows that the plaintiff failed to make the sale or secure a purchaser who was ready, able or willing to bid a price for said premises which would secure the same, and that the evidence shows that the contract of sale, and the only contract entered into by the defendant, looking toward the sale of the premises, was in writing, and that the sale thereunder to the person secured by plaintiff failed through no fault of the defendant.

It is the contention of the appellant that there was no contract of employment made between the parties, and, second, that even if there was an employment, such employment was not carried out. The respondent replies to this contention, and claims that there is a conflict of evidence upon each of these contentions, and that being so, and the jury having passed upon such questions, the verdict of the jury should not be disturbed.

We think it must be conceded that the rule of law recognized by the courts in considering actions of this kind is, that to entitle a real estate agent to commission a contract of employment is necessary, and where employment is alleged, and where, as in this case, the employment is denied, the relation of principal and agent must be affirmatively established by preponderance of the evidence, though such relation may be implied from such facts and circumstances as satisfactorily establish its existence. This is as true in respect to an agency to find a purchaser as of an agency with power to sell. (Wharton on Agency and Agents, sec. 330; *Williams v. McGraw,* 52 Mich. 480, 18 N. W. 227; *Castner v. Richardson,* 18 Colo. 496, 33 Pac. 163; *Earp v. Cummins,* 54 Pa. 394, 93 Am. Dec 718; *Samuels v. Luckenbach,* 205 Pa. 428, 54 Atl. 1091; *Geier v. Howells,* 47 Colo. 345, 107 Pac. 255.)

Under this rule it is necessary to allege and prove that a contract of employment was made, and that under such employment the broker secures a purchaser who is ready, willing and able to buy the property at the established price, or that the broker secures a purchaser who buys the property. (*Church v. Dunham,* 14 Ida. 776, 96 Pac. 203; *Horton v. People,* 47 Colo. 252, 107 Pac. 255; *Castner v. Richardson,* 18 Colo. 496, 33 Pac. 163; *Sullivan v. Milliken,* 113 Fed. 93, 51 U. C. A. 79.)

Examining the evidence we find that the plaintiff himself testifies that he was introduced to Mrs. Wilson, and he told her he was in the real estate business and heard that she wanted to sell forty acres. "And I told her I would like to get the price and to sell it for her, and she said 'Yes, we are wanting to sell it.' They said they had listed it with Mr. Coggins, another real estate man, and I told her I was listing on another piece of property and I wanted to list her property, and I asked her the terms, and she said that Mr. Wilson looked after her business. I went and talked with Mr. Wilson and had quite a conversation, and he told me that the land belonged to his wife and children and he wanted to sell that and buy something of his own. We made

arrangements as to the price and terms for the sale of that place and it was understood at that time that I was to receive a commission for the sale, and the commission was based upon a sale of the place as a real estate broker. I did not make any agreement at that time with Mrs. Wilson, but with Mr. Wilson, at her suggestion, and I understood that it belonged to the wife and children, and I had some doubt whether she could deed it or not or whether it would require some court procedure, but Mr. Wilson told me that she could, and the agreement I made with Mr. Wilson was to get a purchaser if I could and sell it at that price and on those terms.''

It will be seen by this evidence that the understanding between the parties was that the respondent would find a purchaser, and the price was agreed upon and the terms of sale, and the proposed purchaser was Arthur Mineau; and it appears also that afterward, on the 8th day of August, 1911, an agreement was entered into between the appellant and Mineau, whereby Mrs. Wilson gave an option upon said property, whereby Mineau agreed to buy the undivided one-half interest of the three minor heirs of William McGill, deceased, and the children of Mary Wilson, ''at a guardian's sale of said property within ninety days, for a like price, to wit, the sum of $2,500, and upon like terms; and if he shall not buy said interest of said minor heirs for the said sum of $2,500 upon the terms aforesaid, then this agreement shall be of no effect, and first party shall be under no obligation to convey her interest in said property.''

It will be observed from this contract that Mineau was to purchase plaintiff's interest in said property at the sum of $2,500, and that the interest of the minor children should be purchased at a guardian's sale of said property for the sum of $2,500, and that in case Mineau should not buy the interest of the minors for $2,500, then the contract was forfeited and of no effect.

This contract was merely an option to buy, and it expressly reserves to Mineau the privilege of either buying or not buying the interest of the minor heirs, and if he buys

the interest of the minor heirs and pays the price, then the contract becomes effective; if he does not buy the interest of the minor heirs for the sum named, then the contract is void. The evidence is-uncontradicted, and proves conclusively that the contract was not complied with and that Mineau did not buy the interest of the heirs and did not pay the sum which he agreed and was in default, and the contract of sale was never completed and had no force or effect. (*Keach v. Bunn,* 116 Ill. App. 397.) An agent or broker employed to sell land or find a purchaser for the same is not entitled to his commission therefor where his principal merely gives an option to purchase to the party procured by such agent, and no sale is made. (*Tousey v. Etzel,* 9 Utah, 329, 34 Pac. 291.) In the latter case the court said: ''A contract to pay a broker a certain commission upon a sale of real estate in consideration of the broker furnishing an absolute purchaser is not satisfied by the furnishing of a purchaser who is willing to execute a bond for a deed, to be signed by the vendors, wherein the making of the payments for the property is wholly optional with the purchaser.'' Applying this rule to the present case, it may be admitted that the respondent secured a purchaser, upon the condition that he would buy the interest of the joint owners with the appellant, and that the purchaser refused to comply with the contract of said joint owners and there never was a purchase or sale of the property to the proposed purchaser for which the commission can be collected from the appellant under the contract made with the respondent.

In the case of *Brown v. Mason,* 155 Cal. 155, 99 Pac. 867; the court in effect held: ''Before the broker can be deemed to have earned his commission, it must appear that during the written option allowed by the owner, or some extension or waiver thereof by the owner, he found a purchaser ready and willing to purchase, and became the efficient agent or procuring cause of the sale finally effected.''

We think that the duty of the broker under the agreement made in this case is to bring the minds of the buyer and seller to an agreement for a sale, in regard to the price and

terms on which it is to be made, and until this is done his right to commissions does not accrue.

Taking this view of the evidence, we have no doubt about the insufficiency of the evidence to justify the verdict and judgment. There is no evidence whatever which shows that the respondent found a purchaser or that a sale of the property was made to the proposed purchaser. The instructions of the trial court were very full and clear, and the jury did not follow the law as given by the trial court. We think the law was clearly given to the jury, and that there was no error in the instructions given or in refusing instructions requested by the appellant.

The judgment is *reversed* and a new trial granted. Costs awarded to appellant.

Ailshie, C. J., and Sullivan, J., concur.


### ON PETITION FOR REHEARING.

#### (August 21, 1913.)

Undertaking on Appeal—Objections to.

　　1. Under the provisions of sec. 4809, Rev. Codes, if an undertaking on appeal is insufficient or defective in any respect, such insufficiency or defect is waived unless the respondent, within twenty days after the filing of such undertaking, shall file and serve on the appellant, or his attorney, a notice pointing out specifically the defects and insufficiencies of such undertaking, and no defect or insufficiency not thus specifically pointed out shall subsequently be urged against the undertaking on appeal.

　　2. If such notice is served, the appellant has five days after the service thereof in which to file a new undertaking, which shall be in lieu of the one previously filed.

SULLIVAN, J.—A petition for rehearing has been filed in this case and a brief of considerable length has been filed by the attorneys for respondent.

The first question discussed in said brief is the ruling of this court on the motion to dismiss the appeal on the ground that a proper bond on appeal had not been filed. There were

two appeals—one from the judgment and the other from an order denying a new trial—and the bond given simply refers to the "appeal" and not to the "appeals," and under the former holdings of this court said bond was void for uncertainty, under the provisions of sec. 4809, Rev. Codes. Those decisions holding that such a bond was not sufficient were rendered prior to the amendment of said section by the laws of 1907, p. 134. That part of said section, as amended, particularly applicable to the question here under consideration, is as follows:

"Provided, that when more than one appeal in the same action, whether from the judgment and an appealable order or orders, or from two or more appealable orders, are taken at the same time, but one such undertaking or deposit for damages and costs need be filed or made. If any undertaking be insufficient or defective in any respect, such insufficiency or defect shall be deemed waived unless the respondent, within twenty days after the filing of such undertaking, shall file and serve upon the appellant or his attorney a notice, in writing, pointing out specifically the defects and insufficiencies of such undertaking. No defect or insufficiency not thus specifically pointed out, shall subsequently be urged against the undertaking or the appeal. The appellant may, within five days after such service of said notice, file a new undertaking which shall be in lieu of the one previously filed."

In the case at bar, the insufficiency of, or defect in, said bond was waived under the provisions of said section, as the respondent did not within twenty days after the filing of such undertaking file and serve upon the appellant, or his attorney, a notice in writing pointing out specifically the defect or insufficiency of such undertaking. It also appears that an undertaking has been filed curing the defects in said undertaking. This was filed soon after the service of said notice. Under the provisions of said section, if one desires to object to the sufficiency of an undertaking on appeal, he must make his motion and point out such defects or insufficiencies within twenty days after the filing of the undertaking. And if that is done, the appellant may, within

five days after the service of such notice and motion, file
a new undertaking, which, as the statute declares, "shall be
in lieu of the one previously filed." The former decisions
of this court upon the question under consideration have
no application since the amendment of said section 4809,
which occurred in 1907. One desiring to take advantage of,
or raise a question as to the sufficiency of, an undertaking on
appeal must do so as provided in said section or such objec-
tions are waived.

We have fully considered in the former opinion all of the
questions raised by said petition for a rehearing. A rehear-
ing is denied.

Ailshie, C. J., and Stewart, J., concur.