(May 15, 1922.)

JOHN· W. CUPPLES and LUTHER J. MITCHELL, Co-partners, Doing Business Under the Firm Name and Style of CUPPLES & MITCHELL, and as the CUP-PLES MERCANTILE COMPANY, Respondents, v. R. N. STANFIELD, Appellant.

[207 Pac. 326.]

AGENCY—PARTNERSHIP—EVIDENCE—HONORING DRAFTS — UNDERTAKING ON APPEAL—SUFFICIENCY—WAIVER OF OBJECTION.

1. The declarations of one assuming to act as an agent, made without the hearing of his principal, are not admissible to prove such agency.

2. The declarations of one partner, not made in the presence of his copartner, are not competent to prove the existence of a partnership between them as against such other partner.

3. The mere fact that a party has at times honored the drafts of another party is not alone sufficient to constitute such other party his agent.

4. Undertakings on appeal in this case *held* sufficient under C. S., sections 7154 and 7236.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to recover amount of two drafts. From judgment for plaintiffs, defendant appeals. *Reversed.*

Ed. R. Coulter, for Appellant.

There was no evidence introduced in support of the existence of the copartnership of Cupples and Mitchell or Cupples Mercantile Co., and for this reason the plaintiff is not entitled to recover. (20 R. C. L., p. 847, sec. 52; 30 Cyc., sec. 556; C. S., sec. 5666; *Gilman v. Cosgrove,* 22 Cal. 356; *Harrison v. McCormick,* 69 Cal. 616, 11 Pac. 456; *Pate v. Bacon & Co.,* 6 Munf. (Va.) 219.)

Declarations of an alleged agent to a third person, in the absence of his principal, are insufficient to establish agency. (*Blair-Baker Horse Co. v. First Nat. Bank,* 164 Ind. 77, 72 N. E. 1027; *C. F. Blanke Tea & Coffee Co. v. Rees Printing Co.,* 70 Neb. 510, 97 N. W. 627; *Murphy v. Mechanics & Traders' Town M. F. Ins. Co.,* 83 Mo. App. 481; *Q. W. Loverin-Browne Co. v. Bank of Buffalo,* 7 N. D. 569, 75 N. W. 923.)

Judgment is contrary to law and the evidence. (*Finck v. Schaubacher,* 34 Misc. Rep. 547, 69 N. Y. Supp. 977; *Norfolk & W. Ry. Co. v. Stevens Admr.,* 97 Va. 631, 34 S. E. 525, 46 L. R. A. 367; *Carlin & Co. v. Fraser,* 105 Va. 216, 53 S. E. 145.)

M. H. Eustace, for Respondents.

The undertaking for appeal filed on June 26, 1920, is void. (*Jackson v. Barrett,* 12 Ida. 465, 86 Pac. 270.)

Where joint plaintiffs establish a cause of action against defendant without proving a partnership between them, an allegation that they are partners may be treated as surplusage. (*Woodward v. Sutton,* 30 Fed. Cas. No. 18,009, 1 Cranch C. C. 351.)

An agency may be shown by proof of similar acts ratified by the alleged principal. (2 C. J. 444, sec. 40, and cases cited in note 40; *Harrison Nat. Bank v. Austin,* 65 Neb. 632, 101, Am. St. 639, 91 N. W. 540, 59 L. R. A. 294; *Mills v. Berla* (Tex. Civ. App.), 23 S. W. 910.)

When a principal by any act or conduct has knowingly caused or permitted another to appear to be his agent, either generally or for a particular purpose, he will be estopped to deny such agency to the injury of third persons, who have in good faith and in the exercise of reasonable prudence dealt with the agent on the face of such appearance. (2 C. J. 461, sec. 71; *Morgan v. Neal,* 7 Ida. 629, 97 Am. St. 264, 65 Pac. 66; *Valiquette v. Clark Bros. Coal Min. Co.,* 83 Vt. 538, 138 Am. St. 1104, 77 Atl. 869, 34 L. R. A., N. S., 440; *Bank of Ukiah v. Mohr,* 130 Cal. 268, 62 Pac.

511; *Bank of Deer Lodge v. Hope Min. Co.,* 3 Mont. 146, 35 Am. Rep. 458, 1 Morr. Min. Rep. 448; *Hackett v. Van Frank,* 105 Mo. App. 384, 79 S. W. 1013; *Campbell v. Gowans,* 35 Utah, 268, 19 Ann. Cas. 660, 100 Pac. 397, 23 L. R. A., N. S., 414; *Trollinger v. Fleer,* 157 N. C. 81, 72 S. E. 795.)

DUNN, J.—This action was brought by respondents against appellant and C. D. Wood and L. R. Wrinkle to recover the amount of two drafts drawn on appellant by C. D. Wood, one of the defendants in the court below. The claim against appellant rests upon the contention that the said C. D. Wood at the time he drew the drafts in controversy was acting as the agent of appellant. A verdict was returned by the jury in favor of respondents and thereupon judgment was entered by the court against appellant. Appellant moved for a new trial, which was denied. Appeal was taken from the judgment and order denying a new trial.

The motion for new trial was not disposed of within the time allowed for appeal from the judgment, but said appeal from the judgment was taken within the statutory time and an undertaking on appeal filed by appellant. Respondents object to this undertaking for the reason that it is drawn under the provisions of C. S., sec. 7236, and reads in part as follows: "Whereas, the defendant R. N. Stanfield, desires to give an undertaking for appeal to the Supreme Court of the State of Idaho, as provided to be given in Sec. —— of the Revised Codes of the State of Idaho," etc.

Objection is based upon the fact that the number of the section is omitted from the undertaking. We think this is immaterial. There is only one section of our statute under which such an undertaking could be given. The undertaking in this case substantially complies with C. S., sec. 7236.

After the time for appeal from the judgment had expired the court entered an order denying appellant's motion for a new trial and from this order appeal was taken. The undertaking given by appellant after the denial of the motion for a new trial reads in part as follows:

"Whereas, the defendant, R. N. Stanfield, in the above-entitled action has appealed to the Supreme Court of the State of Idaho, from a judgment made and entered against him in the above-entitled action in the above-named District Court, in favor of the plaintiff in said action on the 25th day of March, 1920, for the sum of $207.75 and $29.05 costs of suit, and from the whole thereof; and has also appealed to the said Supreme Court from the order made in the above-entitled cause and Court, dated July 3, 1920, and filed July 8, 1920, overruling the motion of defendant, R. N. Stanfield for a new trial and from the whole of said order;

"Now therefore, in consideration of the premises and of such appeal, we the undersigned, residents of Washington County, Idaho, do hereby jointly and severally undertake and promise on the part of said appellant, R. N. Stanfield, that said appellant will pay all damages and costs which may be awarded against him on appeal or on a dismissal thereof, not exceeding the sum of $300, for which amount we acknowledge ourselves jointly and severally bound."

It is the contention of respondents that this undertaking, which was apparently intended to cover both appeals, is void because it is conditioned to pay all damages and costs which may be awarded against appellant "on appeal or on a dismissal thereof" without specifying on which appeal. The objection of respondents would be well taken if it had been made within 20 days after the filing of such undertaking. Not having attacked this undertaking within the time and in the manner specified in C. S., sec. 7154, respondents waived their objection. (*Clear Lake Power & Improvement Co. v. Chriswell et al.*, 31 Ida. 339, 173 Pac. 326.)

There is in the record a total lack of competent evidence to sustain the verdict of the jury. Attempt was made to prove that Wood was the agent of Stanfield by hearsay evidence of statements made by Wood and other parties without the hearing of appellant that Wood was a partner of appellant. It is too well settled to require a citation of authorities that agency cannot be established by proving the

declarations of the alleged agent made out of the hearing of his principal. If the claim that Wood was a partner of Stanfield had been established by competent evidence of course this would have constituted him the agent of the partnership. "But the declarations of one partner, not made in the presence of his copartner, are not competent to prove the existence of a partnership between them as against such other partner." (20 R. C. L., p. 487, sec. 53.)

Evidence was also received over the objection of appellant to the effect that several drafts similar to those in controversy had been drawn by Wood and paid by other parties and honored by appellant. This was not competent evidence to support the claim of agency, since there was nothing in the form of the drafts in controversy nor of the others testified to by witnesses indicating that they were drawn by Wood as the agent of appellant. The mere fact that appellant paid some of them did not in any sense tend to prove that Wood was his agent in drawing them.

The judgment is reversed and a new trial granted. Costs awarded to appellant.

Rice, C. J., and Budge, McCarthy and Lee, JJ., concur.