(September 28, 1922.)

PETER BAIN, Appellant, v. CHRIS O. OLSEN and HATTIE OLSEN, Respondents.

[209 Pac. 721.]

APPEAL — MOTION TO DISMISS — DEFECTIVE UNDERTAKING — NOTICE OF DEFECTS.

In case of a defective, as distinguished from a void, undertaking on appeal, the insufficiencies or defects of the undertaking are waived unless respondent, within twenty days after the filing of the undertaking, files and serves upon appellant, or his attorney, a written notice pointing out such defects and insufficiencies.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Motion to dismiss appeal because of defective undertaking. *Denied.*

W. A. Beakley, for Appellants.

The objection to the undertaking must "be specifically pointed out or waived." (*Martin v. Wilson* (on rehearing), 24 Ida. 353, 134 Pac. 532; *King v. Seebeck,* 20 Ida. 223, 118 Pac. 292; *Clear Lake P. Co., etc., v. Chriswell,* 31 Ida. 339, 173 Pac. 326; *Edminston v. Steele,* 12 Ida. 613, 87 Pac. 677, 9 L. R. A., N. S., 924; *Finney v. Moore,* 9 Ida. 284, 74 Pac. 866; *Estate of Blackington,* 29 Ida. 310, 158 Pac. 492.)

E. O. Thompson and W. P. Hanson, for Respondents, file no brief.

McCARTHY, J.—Respondents move to dismiss appellant's appeal on the ground that he has failed to perfect it by filing an undertaking as required by C. S., sec. 7154. The undertaking reads as follows:

"Whereas the above-named plaintiff, Peter Bain, desires to give an undertaking for the purpose of staying the execution in the above entitled matter and of appealing the same to the Supreme Court of the State of Idaho, Now, therefore, we the undersigned sureties, do hereby jointly and severally obligate ourselves to the said Chris O. Olsen and Hattie Olsen, the said defendants, under said statutory obligations as provided by sec. 7236 I. C. S. 1919, in the sum of $400.00."

C. S., sec. 7236, provides:

"Whenever a party to an action or proceeding desires to give an undertaking provided to be given by law, it shall be sufficient if the sureties sign an undertaking indicating that they are thereby bound to the obligations of the statute re-

quiring the undertaking to be given. Such undertaking may be in form as follows:

"(Title of Court. Title of Cause.)

"Whereas, the —— desires to give an undertaking for (state what) ——, now, therefore, we the undersigned sureties, do hereby obligate ourselves jointly and severally, to (name who) —— under said statutory obligations in the sum of —— dollars.

"The sureties so signing such undertaking are bound to the full statutory obligations of the statute requiring the undertaking."

C. S., sec. 7154, provides the necessary conditions of an undertaking on appeal, and sec. 7155 those of an undertaking to stay execution. The point made is that the undertaking should expressly mention that the sureties obligate themselves under the provisions of sec. 7154, and that this undertaking refers simply to sec. 7236 which does not prescribe the conditions. We conclude that the undertaking is subject to the criticism made, but that it is defective rather than void. It is subject to the construction that the words "statutory obligations" refer to the conditions of an appeal bond and of a supersedeas bond, and that the meaning of the words, "as provided by sec. 7236, I. C. S. 1919," is merely that appellant is taking advantage of the privilege granted by that section to furnish a general form of undertaking.

In case of a defective, as distinguished from a void, undertaking, respondent must, within twenty days, file and serve a written notice, pointing out specifically the defects and insufficiencies; if he fails to do so the defects are waived and cannot be urged against the undertaking or the appeal. (C. S., sec. 7154; *King v. Seebeck,* 20 Ida. 223, 118 Pac. 292; *Martin v. Wilson,* 24 Ida. 363, 134 Pac. 532; *Clear Lake Power etc. Co. v. Chriswell,* 31 Ida. 339, 173 Pac. 326.)

Respondents' objection to the undertaking does not point out the alleged defects or insufficiencies. Therefore the motion to dismiss is denied.

Rice, C. J., and Dunn and Lee, JJ., concur.