(No. 5499.   March 6, 1930.)

WINSTON M. CALDWELL, Appellant, v. VILLAGE OF MOUNTAIN HOME, IDAHO, a Municipal Corporation, and J. B. WHITSON, Respondents.

[285 Pac. 1020.]

R. W. Beckwith and Carl A. Burke, for Respondents.

34

C. S. Hunter and Martin & Martin, for Appellant, file no brief.

LEE, J.—■ From both an adverse judgment and a consequent order vacating an injunction, plaintiff, Winston M. Caldwell, appealed. His undertaking was conditioned "that the said appellant will pay all damages and costs which may be awarded against him on the appeal or a dismissal thereof, etc."

Respondent, Village of Mountain Home, has moved to dismiss the appeal upon the respective grounds that a transcript has not been filed within the time prescribed by law and rules 23 and 25 of this court, and that the undertaking is void for uncertainty. The time for filing the transcript expired Feb. 10, 1930. On Feb. 8th, counsel filed the transcript with the clerk, but, inasmuch as it lacked the index required by rule 14, it was by the clerk returned to him in accordance with rule 20 for "proper preparation." A *de facto* transcript had been filed in time, defective only in a feature not affecting its substance. The return by the clerk was not a rejection *in toto,* but counsel took the transcript as the clerk's bailee, the

officer expecting its prompt return after the indicated correction. Under the circumstances, we see no substantial violation of either the law or rules 23 and 25.

█ The attack upon the undertaking would have been conclusive had it been timed prior to the legislature of 1907, which amended sec. 4807, Rev. Stats., so as to provide for objections to defects and insufficiencies within twenty days. (*Martin v. Wilson*, 24 Ida. 363, 134 Pac. 532; *Clear Lake Power & Improvement Co. v. Chriswell*, 31 Ida. 339, 173 Pac. 326; *Cupples v. Stanfield*, 35 Ida. 466, 207 Pac. 326.)

Motion to dismiss denied. Costs to appellant.

Givens, C. J., and Budge, Varian and McNaughton, JJ., concur.

(March 15, 1930.)

ON PETITION FOR REHEARING.

LEE, J.—This question was squarely before this court, and by it squarely decided in *Martin v. Wilson*, 24 Ida. 353, 134 Pac. 532, a case on all-fours with this. Passing directly upon the point, the court said:

"There were two appeals—one from the judgment and the other from an order denying a new trial—and the bond given simply refers to the 'appeal' and not to the 'appeals,' and under the former holdings of this Court said bond was void for uncertainty, under the provisions of sec. 4809, Rev. Codes. Those decisions holding that such a bond was not sufficient were rendered prior to the amendment of said section by the Laws of 1907, p. 134."

This court has never overruled the "former decisions," as counsel would contend. It has merely held them inapplicable under the statute as it now exists.

Petition denied.

Givens, C. J., and Budge, Varian and McNaughton, JJ., concur.