(No. 5913.   December 1, 1932.)

LEW AUMOCK and NEVA AUMOCK, His Wife, Appellants, v. FRED N. KILBORN, Respondent.

[16 Pac. (2d) 975.]

Miles F. Egbers, for Appellants.

Whitla & Knudson, for Respondent.

VARIAN, J.—On motion to dismiss appeals. In different paragraphs of the same writing appellants (plaintiffs) gave notice of appeal from the judgment herein, entered April 30, 1932, and from the following interlocutory orders entered before judgment (no judgments being entered on any of said orders), to wit: overruling plaintiffs' demurrer to answer, entered November 24, 1931; denying plaintiffs' motion to strike certain matters from defendant's answer, entered November 24, 1932; granting

motion to vacate setting of cause for trial of issues of fact and imposing terms, entered November 24, 1931; denying motion to strike certain portions of the affidavit of E. R. Whitla on motion to vacate setting of cause for trial, entered November 24, 1931; denying motion of plaintiffs, during trial of cause, to require defendant, as assignee, to file an itemized account and statement. An undertaking on appeal (under C. S., sec. 7154) covering the several matters mentioned was filed on July 1, 1932. On July 5, 1932, respondent filed exceptions to said undertaking and on July 9, 1932, appellants filed a new undertaking in the penal sum of $300, reciting the several orders and judgment above mentioned and that it was filed in lieu of the first undertaking, to which respondent filed, July 9, 1932, the same exceptions as before. Respondent moves to dismiss the appeals upon the theory that the orders are appealable, but that the appeals were not taken in time, and for other reasons, and that the undertaking an appeal covers several appeals and is insufficient in amount; because for $300 only. Appellants have moved to strike certain portions of the motion to dismiss.

None of the five orders attempted to be specially appealed from are appealable orders under C. S., sec. 7152, but are deemed excepted to under C. S., sec. 6879, as amended Sess. Laws 1925, chap. 9, p. 11, and ''need not, unless desired by the party objecting thereto, be embodied in a bill of exceptions, but the same appearing in the records, files or minutes may be reviewed upon appeal as though settled in such bill of exceptions.'' This court, therefore, has no jurisdiction to entertain separate appeals from these nonappealable orders, and said separate appeals should be dismissed. (*White v. Stiner,* 36 Ida. 129, 209 Pac. 598; see, also, *Capital Water Co. v. Public Utilities Com.,* 41 Ida. 19, 237 Pac. 423.)

Nonappealable orders may be reviewed on appeal from the judgment, or order denying or granting a new trial, without being specified in the notice of appeal. (*Warren v. Stoddart,* 6 Ida. 692, 700, 59 Pac. 540.)

The last undertaking, given in lieu of the first undertaking, is authorized by the provisions of C. S., sec. 7154 (*Martin v. Wilson* (on rehearing), 24 Ida. 353, 363, 134 Pac. 532), and in the statutory form (C. S., sec. 7236) making express reference to said C. S., sec. 7154, which is sufficient. (*Muncey v. Security Ins. Co.*, 42 Ida. 782, 784, 247 Pac. 785; *Bain v. Olsen*, 36 Ida. 130, 132, 209 Pac. 721.) An appellant is permitted, under C. S., sec. 7154, to embrace more than one appeal, in the same action, in one undertaking, and while the undertaking should refer to each appeal (*Martin v. Wilson, supra; Clear Lake Power etc. Co. v. Chriswell*, 31 Ida. 339, 173 Pac. 326; *Cupples v. Stanfield*, 35 Ida. 466, 207 Pac. 326; *Caldwell v. Village of Mountain Home*, 49 Ida. 32, 285 Pac. 1020), but one undertaking for $300 damages and costs is required. (*Nobach v. Scott*, 20 Ida. 558, 563, 119 Pac. 295.) The mere fact that the undertaking recites that it is given as required by C. S., sec. 7154, on appeal from said orders as well as the judgment, does not render the undertaking insufficient as a bond on appeal from the judgment. (See *Muncey v. Security Ins. Co., supra.*)

Appellants' motion to strike is denied. The separate appeals from the several nonappealable orders will be dismissed without prejudice to their being reviewed on the appeal from the judgment. The motion to dismiss the appeal from the judgment is denied. All without costs to either party.

Lee, C. J., and Budge, Givens and Leeper, JJ., concur.