Points Decided.

(March 19, 1918.)

CLEAR LAKE POWER & IMPROVEMENT COMPANY, a Corporation, Appellant, v. JOHN. CHRISWELL, JAMES CHRISWELL and I. F. CONSTANT, Respondents.

[173 Pac. 326.]

APPEAL—DISMISSAL—PRAECIPE FOR PAPERS—ORDER FOR TRANSCRIPT—PROCEEDINGS OF LAND BOARD—PRESUMPTION OF REGULARITY—COLLATERAL ATTACK.

1. "The statute requiring the filing of a *praecipe* within five days after the filing of notice of appeal is directory and not mandatory. The time of filing the *praecipe* may be considered in connection with the question of diligence in taking the appeal."

2. A party desiring to procure a reporter's transcript of the evidence and proceedings, to be used on appeal, must use due diligence in procuring the same, and must procure an order for such transcript within a reasonable time from the taking of the appeal.

3. Under the provisions of sec. 4809, Rev. Codes, if an undertaking on appeal is insufficient or defective in any respect, such insufficiency or defect is waived unless the respondent, within twenty days after the filing of such undertaking, shall file and serve on the appellant, or his attorney, a notice pointing out specifically the defects or insufficiencies of such undertaking, and no defect or insufficiency not thus specifically pointed out shall subsequently be urged against the undertaking on appeal.

4. In proceedings for the alienation of public lands, in the absence of fraud or imposition or mistake, the action of the land department, upon matters of fact cognizable by it, is conclusive.

5. The decision of the land department as to the character of public lands is not subject to review by the courts.

6. Where land is properly subject to the action of the land department and that department has acted in regard to it, it will be conclusively presumed that all the preliminary requirements have been properly complied with and the records of the department are not admissible to show that such requirements have not been complied with.

7. An *ex parte* affidavit in regard to the publication of a notice in the proceedings in the land department, not a part of the record

in that department, is not competent evidence to attack or impeach the regularity of such proceedings.

8. By offering evidence which is admitted by the court, the party offering it is estopped to question its admissibility, but is not estopped to raise a question as to its legal effect.

[As to mode of preserving for review oral evidence in equity case, see note in Ann. Cas. 1913A, 529.]

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. James R. Bothwell, Judge.

Action to quiet title.   Judgment for defendants.   *Reversed.*

W. T. Stafford and Sutphen & Sutphen, for Appellant.

The determination of the land department as to the character of the land, except in cases of fraud, imposition or mistake, is conclusive, and cannot be reviewed by the courts. (32 Cyc. 1040 (12) ; *Lee v. Johnson,* 116 U. S. 48, 6 Sup. Ct. 249, 29 L. ed. 570; *Quinby v. Conlan,* 104 U. S. 420, 26 L. ed. 800; *Marquez v. Frisbie,* 101 U. S. 473, 25 L. ed. 800; *Pierson v. State Board of Land Commrs.,* 14 Ida. 159, 93 Pac. 775; *White v. Whitcomb,* 13 Ida. 490, 90 Pac. 1080; *Le Fevre v. Amonson,* 11 Ida. 45, 81 Pac. 71; *Germania Iron Co. v. United States,* 165 U. S. 379, 17 Sup. Ct. 337, 41 L. ed. 754; *St. Louis Smelting & Ref. Co. v. Kemp,* 104 U. S. 636, 26 L. ed. 875; *Neff v. United States,* 165 Fed. 273, 91 C. C. A. 241; *Town of Red Bluff v. Walbridge,* 15 Cal. App. 770, 116 Pac. 77; *Johnson v. Towsley,* 80 U. S. 72, 20 L. ed. 485.)

On questions of fact, a decision rendered by the officers of the land department is conclusive and not subject to review by the courts, in the absence of a showing of fraud, imposition or mistake, other than an error of judgment in estimating the value and effect of evidence. (*Balderston v. Brady,* 17 Ida. 567, 574, 107 Pac. 493 ; 32 Cyc. 1020, and cases cited.)

A patent is conclusive against collateral attack with reference to the question whether all preliminary requirements have been carried out. (*Galbraith v. Shasta Iron Co.,* 143

Cal. 94, 76 Pac. 901; *Last Chance Min. Co. v. Bunker Hill etc. Min. etc. Co.,* 131 Fed. 579, 66 C. C. A. 299.)

Under the rule that public officers are presumed to do their duty, the presumption is that all necessary preliminary steps to the issuance of a patent have been taken and that the patent was regularly issued.   (32 Cyc. 1033, 1034; *Colorado Coal etc. Co. v. United States,* 123 U. S. 307, 8 Sup. Ct. 131, 31 L. ed. 182, 189; *Diamond Coal & Coke Co. v. United States,* 233 U. S. 236, 34 Sup. Ct. 507, 58 L. Ed. 936; *Davis v. Weibbold,* 139 U. S. 507, 11 Sup. Ct. 628, 35 L. ed. 238.)

Sweeley & Sweeley, for Respondents.

The rule which holds that a patent cannot be collaterally attacked is not universal, and particularly applies to a case where the government had jurisdiction to act. (*Chicago Quartz Min. Co. v. Oliver,* 75 Cal. 194, 7 Am. St. 143, 16 Pac. 780; *St. Louis Smelting etc. Co. v. Kemp,* 104 U. S. 636, 26 L. ed. 875; *Wright v. Roseberry,* 121 U. S. 488, 7 Sup. Ct. 985, 30 L. ed. 1039; *Oregon Short Line R. R. Co. v. Stalker,* 14 Ida. 362, 371, 392, 94 Pac. 56, 59.)

When appellant submitted the notice of the application for the patent and the proof that it had been published for only thirty days, it fatally impeached its own title, for the rules of the Interior Department required that the notice must be published for sixty days compelling publication for ten weeks. (*Miner v. Mariott,* 2 L. D. 709; Railroad Selections—Mineral Lands, 19 L. D. 21; Railroad Selections—Advertisement, 19 L. D. 105.)

The giving of the notice of the application for a patent under the act referred to bears the same relation to the proceeding as the service of a summons bears to the commencement of a court action, and if this notice is not given, the government had no jurisdiction to act and the patent so issued is open to attack.   (*Yerkes v. McFadden,* 141 N. Y. 136, 36 N. E. 7; *Montgomery v. Manning,* 1 Wash. Ter. 434.)

A failure to publish a notice for the required length of time is not a mere irregularity, but is a jurisdictional defect,

and will render subsequent proceedings under such notice void. (17 Plead. & Prac. 94, and cases cited; *Jordan v. Giblin,* 12 Cal. 100; *Crary v. Barber,* 1 Colo. 172; *Guaranty Trust etc. Co. v. Green Cove Springs etc. R. Co.,* 139 U. S. 137, 11 Sup. Ct. 512, 35 L. ed. 116.)

McCARTHY, District Judge.—Appellant brought this action to quiet title to certain lands as against any adverse claim of respondents. Respondents disclaim any interest in the lands described in the complaint, except lot 2 of section 11. The title of appellants to this lot is based on a patent issued by the United States to the Northern Pacific Railway Co., pursuant to the provisions of the act of Congress of July 2, 1864, granting lands to said company, and subsequent acts, particularly that of July 1, 1898, by which last-named act the railway company was given the right to select lands in lieu of others which it was compelled to relinquish. The respondent, John Chriswell, claims that from 1896 he has continuously lived upon and been in possession of said lot 2 with his family, basing his right thereto on certain mining claims. At the trial the appellant introduced in evidence, as proof of publication of the notice that the patent had been applied for by the railway company, exhibit 1, which states that the notice was published in a newspaper for thirty days only. The district court held that the notice was not published for the full time required by the rules and regulations of the Department of the Interior, and the patent could be attacked in this action. Therefore the district court admitted evidence as to the character of the land and found from the evidence that it was mineral in character and was in the occupation of an actual settler at the time the patent was issued. From this the district court concluded that the patent was wrongfully issued, that the title of the appellant must fail, and that appellant was not entitled to a judgment quieting its title.

Appellant made a motion for a new trial, which was denied by the court. Appellant appealed from the judgment and also from the order of the court denying the motion for a

new trial.   Respondents have moved to dismiss the appeal. The motion to dismiss the appeal from the judgment is upon the grounds that the appeal was taken on June 2, 1915, that the appellant did not file, with the clerk of the district court, a *praecipe* for a transcript of the papers until November 20, 1915, and did not procure an order for the reporter's transcript of the testimony and proceedings until November 22, 1915.   "The statute requiring the filing of a *praecipe* within five days after the filing of notice of appeal is directory and not mandatory.   The time of filing the *praecipe* may be considered in connection with the question of diligence in taking the appeal."   (*Bohannon Dredging Co. v. England,* 30 Ida. 721, 168 Pac. 12.)   We conclude that the appellant did not observe due diligence in procuring a transcript of the papers and of the testimony and proceedings, so far as the appeal from the judgment is concerned.

The principal ground of the motion to dismiss the appeal from the order denying a new trial is that no undertaking was given as required by law.   It appears that an undertaking was given after the taking of the appeal from the order denying a motion for a new trial, but respondents claim that it is a nullity in that it does not specifically state whether it is given on the appeal from the judgment or on the appeal from the order denying a motion for a new trial.   "Under the provisions of sec. 4809, Rev. Codes, if an undertaking on appeal is insufficient or defective in any respect, such insufficiency or defect is waived unless the respondent, within twenty days after the filing of such undertaking, shall file and serve on the appellant, or his attorney, a notice pointing out specifically the defects and insufficiencies of such undertaking, and no defect or insufficiency not thus specifically pointed out shall subsequently be urged against the undertaking on appeal."   (*Martin v. Wilson* (on rehearing), 24 Ida. 353, 363, 134 Pac. 532.)

The alleged defect in the undertaking in that case was similar to the defect alleged in the undertaking in this case. The respondents did not file and serve on appellant or its attorneys a notice pointing out specifically the defect and

insufficiency of the undertaking relied upon, and therefore the same is waived. The appeal from the order denying the motion for a new trial is entitled to stand, and therefore the motion to dismiss it is denied.

Appellant's motion to strike respondents' brief from the files is denied and it is ordered that the same may be filed.

Proceeding to the consideration of the case on the merits, the principal question is whether the district court had jurisdiction to go back of the patent and pass upon the character of the land. The land department, in issuing the final receipt, passed upon the character of the land and held that it was nonmineral in character. In proceedings for the alienation of public lands, in the absence of fraud or imposition, or mistake, the action of the land department, upon matters of fact cognizable by it, is conclusive. (*Lee v. Johnson,* 116 U. S. 48, 6 Sup. Ct. 249, 29 L. ed. 570.) The decision of the land department as to the actual physical character of certain land is not subject to review by the courts. (*Heath v. Wallace,* 138 U. S. 573, 11 Sup. Ct. 380, 34 L. ed. 1063; *Burke v. Southern Pac. R. R. Co.,* 234 U. S. 669, 34 Sup. Ct. 907, 58 L. ed. 1527.)

In an attempt to take the case out of the above well-settled rule, respondents rely upon the following facts:

1st. That according to the rule adopted by the Secretary of the Interior the notice of a railroad company's application for a selection of land in satisfaction of a grant should be published for sixty days, once a week for ten weeks. (*Miner v. Mariott et al.,* 2 L. D. 709; Instructions, 19 L. D. 21 and 105.)

2d. Plaintiff's exhibit 1, introduced in evidence by the appellant on the trial below, states that the notice of the application was printed in a newspaper once each week for five consecutive weeks, and this is the only showing as to the publication.

Based on these facts respondents contend that the land department had no jurisdiction or authority to issue a patent. They therefore invoke the rule that a collateral attack may be made upon a patent if it is issued in a case where the

land department had no authority or jurisdiction to issue it. The supreme court of the United States has said: "Of course, when we speak of the conclusive presumption attending a patent for lands, we assume that it was issued in a case where the department had jurisdiction to act and execute it." (*St. Louis Smelting & Ref. Co. v. Kemp,* 104 U. S. 636, 26 L. ed. 875.) By way of explaining what it means by speaking of a case in which the department had no jurisdiction to act, the same court, in the same case, says: "On the other hand, a patent may be collaterally impeached in any action, and its operation as a conveyance defeated, by showing that the department had no jurisdiction to dispose of the lands; that is, that the law did not provide for selling them, or that they had been reserved from sale or dedicated to special purposes, or had been previously transferred to others. In establishing any of these particulars, the judgment of the department, upon matters properly before it, is not assailed nor is the regularity of its proceedings called into question; but its authority to act at all is denied and shown never to have existed." (*St. Louis Smelting & Ref. Co. v. Kemp, supra.*)

When land is properly subject to the action of the land department and that department has acted in regard to it, it will be conclusively presumed that all the preliminary requirements have been properly complied with, and the records of the department are not admissible to show that such requirements have not been complied with. (*St. Louis Smelting & Ref. Co. v. Kemp, supra; Last Chance Min. Co. v. Bunker Hill etc. Min. Co.,* 131 Fed. 579, 66 C. C. A. 299; *Galbraith v. Shasta Iron Co.,* 143 Cal. 94, 76 Pac. 901.)

If the records of the land department are not competent evidence to impeach the regularity of its proceedings, then, *a fortiori,* plaintiff's exhibit 1 is not competent evidence for that purpose. The patent was issued on May 19, 1910; exhibit 1 is an *ex parte* affidavit sworn to on March 30, 1915. If an *ex parte* affidavit, sworn to five years after the issuance of a patent, should be allowed to overcome the presumption of regularity, which attends the issuance of a patent, then

indeed a title based upon a patent from the United States would be a very insecure and doubtful title.

Appellant offered exhibit 1 in evidence and respondents objected to it. Having offered the exhibit in evidence, appellant would not ordinarily be in a position to complain of its admission as error. However, since, as a matter of law, exhibit 1 cannot have the effect of invalidating the action of the land department in issuing the patent, we conclude that the patent is valid, and the district court had no jurisdiction to go back of it and open up the question of the character of the land. Two of the specifications of error of law set forth in the motion for a new trial are as follows: "The court erred in permitting the introduction of any evidence tending to attack or attacking the validity of the patent issued to lot two (2) by the United States to plaintiff's grantors." "The court erred in permitting evidence to be introduced as to the mineral or nonmineral character of the land after same had been decided by the proper and lawful authorities." We conclude that the above specifications of error are well taken.

As the court cannot consider the appeal from the judgment, for reasons given above, but can only consider the appeal from the motion denying a new trial, it seems that the court has no power to finally dispose of the case on this appeal. The court has jurisdiction merely to order a new trial. Accordingly, the judgment of the trial court is reversed and the cause is remanded to that court with directions to grant a new trial in accordance with the views herein expressed.

Costs are awarded to appellant.

Morgan and Rice, JJ., concur.

(June 18, 1918.)

ON PETITION FOR REHEARING.

McCARTHY, District Judge.—Respondents' counsel contend that the court in its opinion in this case does not pass upon the question as to whether the respondents can attack the appellant's title by showing that they were in occupa-

tion and possession of the land at the time the application for a patent was initiated by appellant's predecessor and for a long time prior thereto. The opinion distinctly holds that in proceedings for the alienation of public lands, in the absence of fraud, imposition or mistake, the action of the land department, upon matters of fact cognizable by it, is conclusive; in other words, in such cases, the patent cannot be collaterally attacked. The court specifically mentioned the question of the character of the land, because it was upon that that respondents' counsel laid most stress. However, the rule applies to the question of occupation as well as to its character. The petition for a rehearing is denied.

Morgan and Rice, JJ., concur.