(July 17, 1926.)

ROBERT H. MUNCEY and ANGELINE MUNCEY, His Wife, Appellants, v. THE SECURITY INSURANCE COMPANY, of New Haven, Connecticut, a Corporation, Respondent.

[247 ·Pac. 785.]

APPEAL AND ERROR—SUFFICIENCY OF UNDERTAKING ON APPEAL—ONE UNDERTAKING FOR TWO APPEALS—STATUTORY NOTICE OF INSUFFICIENCY—OMISSION FROM RECORD ON APPEAL OF BILL OF EXCEPTIONS OR CERTIFICATE OF TRIAL JUDGE.

1. Under C. S., secs. 7154 and 7236, undertaking on appeals from judgment and from order taxing costs, taken by giving one notice of appeal, reciting that bond was given as required by C. S., sec. 7154, held sufficient as bond on appeal from judgment.

2. Under C. S., sec. 7164, and supreme court rule 24, appeal from order taxing costs will be dismissed where record does not contain bill of exceptions or certificate showing what papers were submitted to or considered by judge who passed on motion.

<hr>

Publisher's Note.

See Appeal and Error, 3 C. J., sec. 1148, p. 1112, n. 2; sec. 1224, p. 1155, n. 81; sec. 2154, p. 441, n. 33.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. Charles L. Heitman, Judge.

Motion to dismiss appeal from judgment. Motion *denied.* Motion to dismiss appeal from order taxing costs. Appeal *dismissed.*

Lynn W. Culp, for Appellants.

Bert A. Reed and Ezra R. Whitla, for Respondent.

Counsel file no briefs.

TAYLOR, J.—Respondent moves to dismiss the appeals herein from a judgment and from an order taxing costs.

As to the judgment, the motion is made upon the ground that "no undertaking has been given upon the appeal from the judgment." The judgment was rendered March 28, 1925, and the order taxing costs was entered June 16, 1925. The appeals were taken by giving one notice of appeal, reciting in separate paragraphs an appeal from the judgment and from the order taxing costs. The undertaking recites:

"Whereas, the plaintiffs . . . . are about to appeal to the Supreme Court of the State of Idaho, from that certain judgment . . . . , and

"Whereas, the said plaintiffs intend to appeal to said Supreme Court from the order of said court . . . . as to that part of said order allowing certain items named in the memorandum of costs and disbursements, and by the plaintiffs moved to be stricken and modified, and taxing costs against the plaintiffs at $147.05;

"Now, Therefore, the said plaintiffs being required to furnish and file an undertaking on appeal, in the sum of Three Hundred Dollars ($300.00) as required by Section 7154 of the Idaho Compiled Statutes, 1919, we, the undersigned sureties, do hereby obligate ourselves jointly and severally to the defendant, The Security Insurance Com-

pany of New Haven, Connecticut, a corporation, under said statutory obligation, in the amount of Three Hundred Dollars ($300.00) ; . . . . "

C. S., sec. 7154, provides "that when more than one appeal in the same action, whether from the judgment and an appealable order or orders, or from two or more appealable orders is taken at the same time, but one such undertaking or deposit for damages and costs need be filed or made." This section further provides that if any undertaking be insufficient or defective, such insufficiency or defect is deemed waived unless the respondent, within twenty days after the filing of such undertaking, "shall file and serve . . . . a notice, in writing, pointing out specifically the defects and insufficiencies of such undertaking." No such notice in writing was served in this case, but on April 14, 1926, respondent filed its motion to dismiss as to the judgment for failure to give an undertaking.

[1] C. S., sec. 7236, provides that whenever a party desires to give an undertaking, "it shall be sufficient if the sureties sign an undertaking indicating that they are thereby bound to the obligations of the statute requiring the undertaking to be given." The undertaking in this case complies with that requirement in its recital that the bond is given "as required by Section 7154 of the Idaho Compiled Statutes," the sureties obligating themselves "under said statutory obligation." Read together, C. S., secs. 7236 and 7154 supply the obligations. The undertaking herein was neither insufficient nor defective as a bond on appeal from the judgment, and is not, as contended by respondent, an appeal bond only upon the appeal from the order taxing costs. (*Bain v. Olsen,* 36 Ida. 130, 209 Pac. 721.) The motion to dismiss the appeal from the judgment will, therefore, be denied.

[2] Respondent further moves to dismiss the appeal from the order taxing costs "upon the ground that the purported record herein does not contain any bill of exceptions or certificate showing what, if any, papers were submitted to or considered by the Judge who passed upon said motion

Points Decided.

retaxing said costs, and said order is an order made after final judgment, appealable in itself, and can only be considered by this court when a proper record is submitted showing the papers that were submitted to, used and considered by, the Judge who passed thereon.'' This motion is well founded. (C. S., sec. 7164; Rule 24.) The appeal from the order taxing costs is dismissed. No costs allowed.

William A. Lee, C. J., and Wm. E. Lee and Givens, JJ., concur.