[Civ. No. 7969. Second Appellate District, Division Two.—February 4, 1932.]

JOHN R. ORTON, Appellant, v. E. L. DAIGLER et al., Respondents.

E. H. Delorey and Boyd C. Barrington for Appellant.

James E. Mahon for Respondents.

FRICKE, J., *pro tem.*—Prior to the present action appellant and respondent E. L. Daigler were joined as defendants in a condemnation suit filed by the city of Los Angeles by reason of their being, respectively, the landlord and tenant of a piece of real property a portion of which was sought to be condemned. It appears that the report of the referees as confirmed by the court in the condemnation suit fixed the value of the leasehold interest of respondent Daigler as $829, and that the Superior Court of Los Angeles County by its order authorized the city of Los Angeles to pay this amount into the hands of the clerk of said court. Thereafter appellant brought this action for declaratory relief under section 1060 of the Code of Civil Procedure to determine the right to said deposit and for a judgment awarding

said sum to appellant. The respondent E. L. Daigler interposed a demurrer to the complaint herein and also moved the court to direct the clerk to pay over to said respondent the said sum of $829. On March 17, 1931, the court ordered that the demurrer be sustained without leave to amend, and ordered that the motion be granted, and on March 23, 1931, made the following order:

"An order having been made and entered in this action on the 17th day of March, 1931, granting the defendant E. L. Daigler's Motion for Order to release money in the hands of the County Clerk to the said E. L. Daigler, and further that on said 17th day of March, 1931, an order was made and entered in this action sustaining defendant E. L. Daigler's Demurrer to the Amended Complaint for Money (Declaratory Relief) herein without leave to amend,—

"Now, therefore, on motion of James E. Mahon, attorney for E. L. Daigler, it is ordered and adjudged that L. E. Lampton, County Clerk of Los Angeles County, be and he hereby is ordered and directed to pay over, surrender up and deliver to the defendant E. L. Daigler the sum of $829.00 deposited with the said L. E. Lampton, pursuant to an order of this court made and entered on or about the 7th day of November, 1930.

"It is further ordered and adjudged that the Demurrer filed by defendant E. L. Daigler to plaintiff's Amended Complaint for Money (Declaratory Relief) be and the same is hereby sustained without leave to amend, and that the defendant, E. L. Daigler, have and recover costs of said plaintiff, taxed at $——.''

Respondent has moved to dismiss the appeal taken from this order upon the ground that the order is not appealable.

The action was brought for the sole purpose of obtaining a decision as to whether appellant had any claim to the $829 deposited with the clerk of the court, or whether the respondent Daigler was entitled to this money. The trial court, finding that appellant's allegation of facts failed to furnish any basis for his claim and that the respondent was entitled to the money deposited, made the order in question. The fact that the order did not require the plaintiff to pay any money or to do any act is not determinative as to whether the order was a judgment. Though

somewhat inartificially drawn and subject to technical criticism as to form, it was a final determination of the matter in difference between the parties in the particular proceeding in which it was rendered. It determined that particular cause and wrote finis to the contention which appellant had brought into court for determination, and adjudged respondent's right to the fund so far as that proceeding was concerned. The character of the document, whether it be an order or a judgment, may not be determined except by the substance and effect of its provisions. (*Belt* v. *Davis*, 1 Cal. 135; *Howe* v. *Key System Transit Co.*, 198 Cal. 525, 531 [246 Pac. 39].) If, as here, it is the final determination by the trial court of the case before it which puts an end to the suit, it is a judgment and an appeal will lie therefrom. (*Zoller* v. *McDonald*, 23 Cal. 136; *Zappettini* v. *Buckles*, 167 Cal. 27, 32 [138 Pac. 696]; *Rossi* v. *Caire*, 174 Cal. 74 [161 Pac. 1161].)

The motion to dismiss the appeal is denied.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.