RALPH WILLIAMS

*vs.*

ARTHUR BISSON AND ODILE BISSON.

Sagadahoc.   Opinion, October 28, 1944.

*Paul L. Powers,* for the plaintiff,

*Ellis S. Aldrich,* for the defendants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MUR-
CHIE, CHAPMAN, JJ.

THAXTER, J.   This action of trover is before us on report
on an agreed statement. January 23, 1941, the plaintiff pur-
chased the soft wood timber on a lot of land owned by Elea-
nora H. Totman. He acquired his right to cut such timber by
a quitclaim deed from her which contained a covenant of lim-
ited warranty. Under the terms of the conveyance he was
given the right "to cut and remove the aforementioned trees
at any and all times within three years from date, together
with the right to set up and operate a portable saw mill on
said property and to pile the board and lumber cut from said
trees on said property provided the same be removed there-
from within three years from date." On July 7, 1942, the
grantor conveyed the land to the defendants by deed, which
contained covenants of warranty, from the operation of
which there was excepted the grant to the plaintiff to cut
and remove timber which was described as expiring January
23, 1944. A controversy took place between the plaintiff and
the defendants, the new owners of the lot, as to whether the

plaintiff's rights expired January 23, 1944 or March 1, 1944. Apparently the difficulty arose from the fact that the time had been extended by an oral agreement between Eleanora H. Totman and the plaintiff prior to the delivery of the deed to the defendants. In any event the defendants consented that the time should be extended to March 1; and the case has been argued on the assumption that the plaintiff's right did not expire until then. The plaintiff operated until March 1, at which time there had been cut a considerable quantity of trees which, however, had not at that time been removed from the land. On March 2nd the defendants refused to permit the plaintiff to remove such trees. Thereupon this action of trover was brought.

The title to the wood cut prior to March 1, 1944 was in the plaintiff. This is the case whether we regard the plaintiff's rights as having been acquired under the original deed or under a parol agreement which continued those rights to March 1. *Erskine* v. *Savage*, 96 Me., 57, 51 A., 242.

The authorities are in conflict as to the status of the title to wood which has been lawfully cut during the time limited by the contract but not removed from the land prior to the expiration of such time. See notes in 15 A. L. R., 95, and 31 A. L. R., 948. The rule, however, is settled in this state that title remains in the licensee despite the fact that his failure to remove the wood from the land constitutes a wrong for which the landowner may have his remedy. Accordingly it is held that the owner of the soil who forbids the licensee to remove his property exercises such a dominion over it that he is guilty of a conversion. This is the rule laid down in *Erskine* v. *Savage*, supra, which is controlling on this court.

We find, therefore, that the defendants are guilty of a conversion.

> *Case remanded to the Superior Court for the assessment of damages.*