260 P.2d 407

**HUGGINS v. GREEN TOP DAIRY FARMS, Inc. et al.**

No. 8007.

Supreme Court of Idaho.

Sept. 3, 1953.

Clements & Clements, Lewiston, for appellant Green Top Dairy Farms, Inc.

Thomas A. Madden, Lewiston, and C. Orno Shoemaker, Clarkston, Wash., for appellant J. R. Standley, as receiver for Green Top Dairy Farms, Inc.

Felton & Jones, Lewiston, for respondents John D. Huggins and others.

Wynne M. Blake, Lewiston, for respondent Carl Malmgren, special receiver.

Russell S. Randall, Lewiston, for respondent First Security Bank of Idaho, N. A.

As modified on petition for rehearing.

TAYLOR, Justice.

On April 13, 1953, the Green Top Dairy Farms, Inc., a corporation, and J. R. Standley, its receiver, filed notice of appeal. The first paragraph of the notice announces an appeal "from that certain Judgment and Decree, founded upon findings of fact and conclusions of law, dated the 12th day of January, 1953, and entered in this court and cause on the 12th day of January, 1953." The second paragraph of the notice recites:

"* * * also hereby appeal to the Supreme Court of the State of Idaho from that certain Order, dated January 12th, 1953 and filed in this court and cause on the 13th day of January, 1953, and which said Order directed Carl Malmgren, as Special Receiver for Green Top Dairy Farms, Inc., a corporation, to deliver property in his possession to certain designated persons and parties and exonerated the bond of Carl Malmgren, as Receiver, and discharged the said Carl Malmgren as such Receiver, * * *."

On the 16th day of April, 1953, appellants deposited $300 with the clerk of the district court, together with a writing designated, "Undertaking on Appeal," directed to the clerk and reciting:

"There is herewith deposited with you as clerk of said court the sum of Three Hundred ($300.00) Dollars as and for an undertaking on appeal in the above entitled cause, the express condition of such deposit being to the effect that the undersigned as appellants will pay all damages and costs which may be awarded against said appellants or either of them on this appeal or on the dismissal thereof, not exceeding said sum of $300.00. This deposit is made under the provisions of Section 13–203 Idaho Code, and the sum herewith deposited with you shall be held by you abiding the event of the appeal all as provided and all under conditions specified in said Section 13–203, Idaho Code."

Respondents (plaintiffs below) and Carl Malmgren (special receiver) have moved to dismiss the appeal. They urge that the appeal from the decree was not taken within ninety days as required by statute, § 13–201, I.C. The appeal was taken on the 91st day. The 90th day, April 12th, being a Sunday, the appeal was timely taken. § 73–109, I.C.; Myers v. Harvey, 39 Idaho 724, 229 P. 1112.

It is urged that the bond is insufficient, and void for uncertainty; specifically that there being two appeals and the undertaking by its terms referring only to "the appeal," does not secure both, and that, since it cannot be determined which appeal is referred to, it is void for uncertainty.

§ 13–203, I.C. in part provides:

"* * * that when more than one appeal in the same action, whether from the judgment and an appealable order or orders, or from two or more appealable orders, is taken at the same time, but one such undertaking or deposit for damages and costs need be filed or made. If any undertaking be insufficient or defective in any respect, such insufficiency or defect shall be deemed waived unless the respondent, within twenty days after the filing of such undertaking, shall file and serve upon the appellant or his atttorney a notice, in writing, pointing out specifically the defects and insufficiencies of such undertaking. No defect or insufficiency not thus specifically pointed out shall subsequently be urged against the undertaking or the appeal."

Under this statute one bond is sufficient for two appeals in the same action taken at the same time. The other objection urged was waived by the failure of respondents to file and serve notice specifying such defect or insufficiency within the twenty days allowed by the statute. Martin v. Wilson, 24 Idaho 353, on petition for rehearing, page 363, 134 P. 532; Clear Lake Power, etc., Co., v. Chriswell, 31 Idaho 339, 173 P. 326; Cupples v. Stanfield, 35 Idaho 466, 207 P. 326; Caldwell v. Village of Mountain Home, 49 Idaho 32, 285 P. 1020; Geist v. Moore, 58 Idaho 149, 70 P.2d 403; In re Estate of Brown, 61 Idaho 320, 101 P.2d 11.

Cf. Muncey v. Security Ins. Co., 42 Idaho 782, 247 P. 785.

■ As against the appeal from the order of January 12, 1953 (filed January 13th) discharging the special receiver Malmgren and exonerating his bond, respondents urge that such order is either nonappealable, or it is a "special order made after final judgment", under paragraph 2, § 13–201, I.C. If it is a nonappealable order, the appeal from it could not be maintained. However, in such event, it would be subject to review on the appeal from the decree. Aumock v. Kilborn, 52 Idaho 438, 16 P.2d 975. If it is a "special order made after final judgment" the appeal therefrom would confer no jurisdiction because it was not taken within sixty days after its entry, as required by said paragraph 2, § 13–201, I.C.

Appellants rely on First National Bank v. C. Bunting & Co., 7 Idaho 387, 63 P. 694, 698. In that case it was held that an appeal would lie from an order or judgment confirming a receiver's sale. The court in part relied upon the fact that the order made "a final disposition of more than $6,000 worth of the assets of the insolvent bank" and "is such an effectual and final disposition of a large amount of the assets of said insolvent estate" as to come within the provisions of the constitution and statute. Cf. Rossi v. Caire, 174 Cal. 74, 161 P. 1161; Orton v. Daigler, 120 Cal. App. 448, 8 P.2d 161; Caminetti v. Im-

perial Mutual Life Ins. Co., 54 Cal.App.2d 514, 129 P.2d 432.

Here, however, the "Order" and the "Decree" were made on the same day. The order directs the receiver to distribute the assets to the various parties and individuals whom the court in its decree determined were entitled thereto. The decree likewise orders the receiver Malmgren to make the same distribution of the assets. Both the decree and the order provide for the receiver's fees and the fees of his counsel. Additionally the order settles and approves the amended account of the receiver, discharges the receiver, and ex-. onerates his bond. To the extent that the order directs the distribution of the assets, to that extent being in replication of and parallel to the decree, and made at the same time, it is nothing more than a part and parcel of the final judgment of January 12, 1953. It follows, of course, that the purported discharge and exoneration of the bond of the receiver must pend the final disposition of the property involved.

Furthermore, a good and sufficient undertaking, properly approved, was filed in this court before the hearing on the motions to dismiss, in compliance with § 13–217, I.C.

The motions to dismiss appeals are denied.

PORTER, C. J., and GIVENS, THOMAS and KEETON, JJ., concur.