365 P.2d 47

Virgil G. McPHETERS and Ephia McPheters, husband and wife, Plaintiffs-Appellants,

v.

CENTRAL MUTUAL INSURANCE COMPANY, Defendant-Respondent.

No. 9026.

Supreme Court of Idaho.

Sept. 26, 1961.

Parry, Robertson & Daly, Twin Falls, for respondent.

Murphy, Schwartz & Cunningham, Shoshone, for appellants.

PER CURIAM.

Complaint was filed and summons issued against the defendant (respondent), a foreign insurance corporation, December 30, 1960. January 3, 1961, summons and complaint were served on the state insur-

ance commissioner, defendant's attorney in that behalf (I.C. § 41–402) by registered mail as authorized by I.C. § 41–608, and R. 4(d) (3), and service was completed on that day, R. 4(e) (1). On the same day the commissioner mailed copies of the summons and complaint, together with his certificate of service, to the person designated by the insurer at its office in San Francisco, California. Defendant sent copies of the summons and complaint, and commissioner's certificate to its local counsel January 17, 1961. January 27, 1961, the clerk entered the default of the defendant.

February 2, 1961, defendant's counsel mailed to plaintiffs' (appellants') counsel motion to dismiss and motion for more definite statement. These pleadings were received by plaintiffs' counsel February 3, 1961. February 2, 1961, plaintiffs presented proof in support of their complaint in open court. The minutes of the court of that day, which were signed by the district judge, after reciting the presentation of the evidence, concludes:

"It Is Hereby Ordered that judgment is entered as prayed for in said complaint for damages sustained by plaintiffs and covered under plaintiffs' Exhibit No. 1 in the amount of $2,879.20, together with reasonable attorney fees of $450.00 and costs in the amount of $18.00."

Defendant's motion to vacate the default and judgment was served February 6, and filed February 7, 1961. On the latter date the district judge received from plaintiffs' counsel a formal judgment. This the district judge did not sign, but appended thereto a note as follows:

"Judgment received by Court Feb. 7, 1961, at Gooding, Idaho, but not signed pending argument on motion to set aside default, etc., hearing set for Feb. 9, 1961."

On February 9, 1961, the district judge made an order setting aside the default and default judgment. From that order plaintiffs brought this appeal. Defendant moves the appeal be dismissed on the ground that the order appealed from is not an appealable order, contending that the minute entry of February 2, 1961, was not a final judgment, and therefore the order of February 9, 1961, was not a "special order made after final judgment" within I.C. § 13–201.

Although in terms a final judgment, the record shows that neither counsel for plaintiffs nor the district judge intended or regarded the minute entry of February 2, 1961, as a final judgment, but rather regarded it as an order for judgment. Thus, the minute entry was not a final judgment. The order vacating the default was non-appealable. I.C. § 13–201; Sweeney v. American Nat. Bank, 64 Idaho 695, 136 P.2d 973.

Appeal dismissed.

McFADDEN, J., did not participate.