409 P.2d 429

**Delbert HAMBLEN, Plaintiff-Respondent,**

v.

**Ray GOFF, W. H. Shillington, and Mrs. W. H. Shillington, Gerald H. Morgan and Mrs. Gerald H. Morgan, Defendants-Appellants.**

No. 9603.

Supreme Court of Idaho.

Dec. 27, 1965.

Richards, Haga & Eberle, Boise, for appellants.

Church & Church, Burley, for respondent.

TAYLOR, Justice.

This cause was tried to the court sitting without a jury June 18, 1964. The district judge rendered an opinion September 5, 1964, at the conclusion of which he directed counsel for the plaintiff to prepare and present findings of fact, conclusions of law and decree conforming to the opinion. Findings of fact and conclusions of law were made and entered October 2, 1964, at the conclusion of which the court ordered, "Let Judgment be entered accordingly." By notice of appeal dated October 14, 1964, and filed October 19th, defendants appealed from the opinion and from the findings and conclusions, "and from the whole of said judgment and decree and findings of fact and conclusions of law." Judgment dated October 22, 1964, was filed October 23, 1964.

The appeal was undertaken from nonappealable orders and documents, I.C. § 13-201, and confers no jurisdiction on this court. The appeal must therefore be dismissed. McPheters v. Central Mutual Insurance Co., 83 Idaho 472, 365 P.2d 47 (1961); Farmers Equipment Co. v. Clinger, 70 Idaho 501, 222 P.2d 1077 (1950); Blaine County Investment Co. v. Mays, 52 Idaho 381, 15 P.2d 734 (1932).

Appellants have filed a motion in this court asking that the record be augmented by adding thereto an affidavit by one of counsel and a copy of a letter written by the district judge dated October 2, 1964, in which the judge advises counsel of a change made in the conclusions tendered, and that "the findings and conclusions are this day entered." Counsel in his affidavit avers that no notice of the entry of findings and conclusions, or of the entry of judgment, was received from the clerk of the district court, as required by IRCP rule 77(d). For the present purpose we consider the record as so augmented.

Rule 77(d) does not require the clerk to serve notice of the entry of findings of fact and conclusions of law. However, defendants' counsel received such notice from the district judge. The failure of the clerk to give notice of the entry of judgment could not affect this appeal because the appeal was taken before the judgment was entered.

Appellant cites Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283. There the

appellant failed to appeal within the time allowed because of the failure of the clerk to give notice of the entry of judgment. The Supreme Court held that, in view of rule 77(d) and the failure of the clerk to give the required notice, the trial court did not abuse its discretion in vacating the original judgment and entering a subsequent one from which a timely appeal could be taken. The federal rule was thereafter amended to provide that lack of notice by the clerk does not affect the time for appeal. Appellants urge that since our rule 77(d) is the same as was the federal rule prior to amendment, under authority of Hill v. Hawes, the district court could enter a new judgment from which an appeal could be taken upon notice thereof, or the district court could order the clerk to give notice of the entry of the judgment of October 23, 1964, and thus start the running of the period for appeal.

This appeal, taken from nonappealable orders and documents, confers no jurisdiction on this court to do anything except dismiss.

Appellant also urges that under IRCP rule 58, the opinion of the district judge or the findings of fact and conclusions of law were sufficient to constitute a judgment, and therefore appealable, and the appeal should be retained and determined on its merits. We cannot agree with this contention. Neither document purported to be a judgment. The opinion contains only the reasoning of the trial judge, and the authorities considered in arriving at his decision. The findings and conclusions are only what they purport to be. They contain the conclusion of the court as to the judgment to be entered. They are not in form a judgment, and contain no order for the execution of the judgment of lien foreclosure therein directed to be entered. They did not constitute a final judgment appealable under I.C. § 13–201.

Appeal dismissed.

Costs to respondent.

McQUADE, C. J., and McFADDEN, SMITH and KNUDSON, JJ., concur.