448 P.2d 241

**Harvey PULVER, Plaintiff-Appellant,**

v.

**STATE of Idaho, Defendant-Respondent.**

No. 10227.

Supreme Court of Idaho.

Dec. 4, 1968.

————◆————

William W. Becker, Pocatello, for appellant.

Allan G. Shepard, Atty. Gen., and Roger B. Wright, Deputy Atty. Gen., Boise, Hugh C. Maguire, Jr., Pros. Atty., Pocatello, for respondent.

TAYLOR, Justice.

■ August 18, 1967, plaintiff (appellant), an inmate of the state penitentiary, filed application for post-conviction relief under the provisions of the Uniform Post-Conviction Procedure Act. S.L.1967, ch. 25; I.C. §§ 19–4901 to 19–4911. The application was filed in the district court in and for Bannock County, the court in which applicant allegedly was convicted of, and sentenced for, the crime of murder of the second degree. In response, the state filed a motion to dismiss the application.

October 25, 1967, the district court appointed present counsel for the applicant, who noticed the state's motion to dismiss for hearing November 20, 1967. After hearing on the motion the court entered its "Memorandum Decision and Order," (December 6, 1967) as follows:

"After argument was duly presented on behalf of the Movant as well as the Respondent, State of Idaho, and after due consideration of the files and records in the matter, it appears that none of the rights of the Movant were impugned or taken advantage of. It appears that he was duly represented, and was fully advised at all times as to his rights in the matter.

"IT IS, THEREFORE, ORDERED that unless new and additional grounds are presented to the Court that the Petition will be dismissed within 20 days, as provided by the statute."

(We construe the last paragraph to mean that the petition would be dismissed after 20 days in the event no new or additional grounds were presented within that time.)

The applicable provisions of the post conviction procedure act, I.C. § 19–4906(b), are:

"(b) When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant

is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. the applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or, direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a material issue of fact."

and I.C. § 19–4909:

"A final judgment entered under this act may be reviewed by the Supreme Court of this state on appeal brought either by the applicant or by the state within 60 days from the entry of the judgment. On appeal the state shall be represented by the attorney general."

In I.C. § 10–701 [1] "judgment" is defined as:

"A judgment is the final determination of the rights of the parties in an action or proceeding."

Idaho Code § 19–4907, post-conviction procedure act, among other things, provides:

" * * * All rules and statutes applicable in civil proceedings including pretrial, discovery and appellate procedures are available to the parties."

Idaho Code § 13–201 of our Code of Civil Procedure provides that:

"An appeal may be taken to the Supreme Court from a district court.

"1. From a final judgment in an action or special proceeding commenced in a district court * * *;"

An application for post-conviction relief is a special proceeding, civil in nature. Idaho Constitution, art. 5, § 1; Uniform Post-Conviction Procedure Act, I.C. §§ 19–4901 (b), 19–4907.

It is obvious from the provision of the post-conviction procedure act, § 19–4906(b), supra, that the memorandum decision and order from which plaintiff sought to prosecute this appeal, is not a final judgment under either the provision of the act, I.C. § 19–4909; or the code of civil procedure, I.C. § 13–201, supra. It was, and purported to be, only an indication to the parties of the intention of the court to dismiss the application in the event no further showing was made by the applicant within 20 days. The record before us does not disclose whether applicant made a further showing of grounds for relief, or requested leave to file an amended application, or what action, if any, had been taken by the district court thereon, nor whether a final order of the dismissal has been entered. So far as this record shows, the proceeding is still pending in the district court.

■ An interlocutory decision or order, such as this, not made appealable by statute, is not appealable, and may be reviewed by this court only on appeal from the final judgment. See Idaho Constitution, art. 5, §§ 9, 13; I.C. §§ 13–101, 13–201, 19–4909; Gerry v. Johnston, 85 Idaho 226, 378 P.2d 198 (1963); McPheters v. Central Mutual Insurance Company, 83 Idaho 472, 365 P.2d 47 (1961); Newell v. Newell, 77 Idaho 355, 293 P.2d 663 (1956); Huggins v. Green Top Dairy Farms, 74 Idaho 266, 260 P.2d 407 (1953); Farmers Equipment Co. v. Clinger, 70 Idaho 501, 222 P.2d 1077 (1950).

In the interest of procedure, we deem it appropriate to observe that the record in this case is so deficient that this court could not meaningfully review the decision of the lower court. The Post-Conviction Procedure Act requires that:

" * * * Affidavits, records, or other evidence supporting its allegations shall be attached to the application or the application shall recite why they are not attached. * * *" I.C. § 19–4903.

---

1. This court has continued to refer to I.C. § 10–701 to define "judgment" subsequently to adoption of the Idaho Rules of Civil Procedure. Gerry v. Johnston, 85 Idaho 226, 378 P.2d 198 (1963).

However:

> " * * * If the application is not accompanied by the record of the proceedings challenged therein, the respondent shall file with its answer the record or portions thereof that are material to the questions raised in the application." I.C. § 19–4906(a).

The district court order recites that "files and records in the matter" were considered. The "files and records" were attached neither to plaintiff's petition nor to defendant's motion, nor were they certified to this court in accordance with Supreme Court Rule 35.

 Plaintiff also contends that his sentence of not to exceed seventy-five years is illegal because, in effect, it exceeds the statutory maximum. I.C. §§ 18–4004 and 20–223. The present record does not indicate whether the district court considered this issue, nor does it show whether the court concluded that the pleadings presented no material issue of fact. These questions we leave to the determination of the lower court. I.C. §§ 19–4901, 19–4906(b) (c), 19–4908.

Appeal dismissed.

SMITH, C. J., and McFADDEN and SPEAR, JJ., concur.

McQUADE, Justice (dissenting):

The order of the district court in this case, though not final by its own terms, was treated as such by the state as well as the applicant. The provisions of I.C. § 19–4906 (b) give the applicant twenty days to present new matter to the court if he is able to do so. Since the applicant appealed within that time, the order should be viewed as becoming final as of the date of the appeal, for the applicant thereby indicated that he would not present new facts. In any case, the record could have been augmented by an order of the district court making the judgment final.[1]

"A liberal allowance of appeals seems desirable since it will foster uniform limits on the exercise of discretion by trial courts and uniform interpretation of the scope of collateral attack under the act."[2] "Final disposition of applications should be made at the earliest stage consistent with the purpose of deciding claims on their underlying merits rather than on formal or technical grounds.[3]"

1. Supreme Court rule 37; Hamblen v. Goff, 90 Idaho 180, 181, 409 P.2d 429 (1965).

2. Note, The Uniform Post-Conviction Procedure Act, 69 Harv.L.Rev. 1289, 1300 (1956).

3. A.B.A. Minimum Standards Relating to Post-Conviction Remedies § 4.1(f) (Tentative Draft 1967).